## BARRY et al. v. BOARD OF COUNTY COM'RS OF TULSA COUNTY.

No. 25052. June 25, 1935.

Rehearing Denied Oct. 1, 1935.

Horace H. Hagan and T. Austin Gavin, for plaintiffs in error.

Holly L. Anderson, Co. Atty., and Joe T. Dewberry, Asst. Co. Atty., for defendants in error.

WELCH, J. The parties occupy the same position here which they occupied in the trial court, and will be referred to as plaintiffs and defendants.

Plaintiffs on June 12, 1933, filed their application with the defendants, board of county commissioners of Tulsa county, seeking a correction of an erroneous assessment of plaintiffs' real property for purposes of ad valorem taxation as made in 1931. The petition sought relief from the assessment for the years 1931 and 1932. The application was made under provisions of section 12642, O. S. 1931. On the same date the application was filed, the defendants, board of county commissioners of Tulsa county, denied the application upon the sole ground that House Bill No. 316 of the 14th Legislature, being chapter 115, section 14, of 1933 Session Laws, had repealed section 12642, O. S. 1931, by reason of which the board of county commissioners had no jurisdiction in any event to entertain an application having for its purpose the correction of ad valorem tax assessments. Plaintiffs perfected an appeal from the action of the board of county commissioners to the district court, where, upon trial, the district court sustained the defendants' action, upon the sole ground that by virtue of the repeal of section 12642, O. S. 1931, by the 1933 act of the Legislature, the county commissioners were without authority to grant the relief sought. From the judgment of the district court, plaintiffs have appealed.

Under the issues as made here, it is unnecessary for us to inquire into the sufficiency of the petition, or the merits of same. We assume for the purpose of this determination that plaintiffs' property was erroneously assessed as contemplated by the terms of section 12642, O. S. 1931, and that the plaintiffs had justifiable excuse for not appearing before the county board of equalization prior to adjournment of that board, and before filing of its application with the board of county commissioners, for the reason that no issue is presented thereon. The 1933 act of the Legislature carried an emergency clause and became effective April 10, 1933, some 60 days prior to the filing of plaintiffs' application.

Plaintiffs urge several propositions as error, the first of which is stated as follows:

"Petitioners in error's right to redress because of said inequitable real estate taxation for the years 1931 and 1932 had accrued prior to April 10, 1933, when House Bill 316 was approved, and was therefore protected by that part of section 54 of article 5 of the Constitution of Oklahoma which provides that 'the repeal of a stat-

ute shall not * * * affect any accrued right.' "

In connection with this proposition plaintiffs assert that at the time the 1933 act became effective they were possessed of certain accrued rights, which rights would be affected thereby if the judgment of the trial court is correct.

The defendants contend that section 12642, supra, merely extended to the plaintiffs a statutory privilege which could be withdrawn at any time by the Legislature before it was accepted and acted upon by the plaintiff.

It is our view that the right possessed by plaintiffs was the right to have their property assessed at its fair cash value, which necessarily carries with it the right to redress from an overvaluation of the property. This right of freedom and redress from overassessment of their property existed at all times prior to the repeal of section 12642, supra. The Supreme Court of Vermont, in Harris v. Town of Townshend, 56 Vt. 716, in construing a law similar to the provisions of our Constitution contained in section 54, art. 5, thereof, and in defining the word "right," as used therein, succinctly said:

" 'Right,' as used in R. L. section 28, which provides that the repeal of an act shall not affect 'a right accruing, accrued, acquired or established,' means a cause of action which has accrued at the time of the repeal. but does not require that suit shall have been commenced thereon at such time. (Words and Phrases, vol. 7, p. 6221)."

We think it certain that the moment plaintiffs' property was assessed at more than its fair cash value they had a right to proceed against the taxing officials for the correction of the same, which right was necessarily in the nature of a cause of action. Such being true, the right accrued and it was an "accrued right" prior to the effective date of the repealing act of 1933. It was a right which had accrued at a time when the provisions of section 12642, supra, were in full force and effect.

Having determined that the plaintiffs became possessed of an accrued right, let us determine how they might have been divested of same. Section 54, art. 5, of our Constitution provides:

"The repeal of a statute shall not revive a statute previously repealed by such statute, nor shall such repeal affect any accrued right, or penalty incurred, or proceedings begun by virtue of such repealed statute."

In view of the quoted constitutional provision, we must conclude that the repeal in 1933 of section 12642, supra, could not in any manner affect this accrued right. Section 12642, supra, provided a remedy for the enforcement of plaintiffs' right, it did not provide for the right itself. We must keep in mind that it is not here contended that the right of which we speak was extinguished or affected by any other statutory provision, but the question here is specifically whether this right was affected by such repeal. It is clear that this right existed from the time of its accrual to the effective date of the repealing act. This being true, it is our opinion that the right could not be affected or extinguished by the act of the Legislature after its accrual. The repeal of the statute providing the remedy would in effect destroy the right, unless an adequate remedy remains or a new and adequate remedy is provided. An apt statement of the applicable rule is found in 59 C. J., page 1188, section 723:

" * * * If a new remedy has not been substituted for the enforcement of a right accrued under a statute afterward repealed, the old remedy remains; but if the statutory remedy for a right created by statute is repealed by a statute which provides a substantially similar remedy, the right may be prosecuted under the repealing statute. * * *"

And in Sansberry v. Hughes, 174 Ind. 638, 92 N. E. 783, wherein the court said:

"A remedy is nothing more than the means provided by law for the enforcement of rights, and is not of itself a right, except * * * that when there exists but a single remedy for the enforcement of a vested right, such remedy cannot be wholly taken away, without providing some other reasonably convenient and efficient means of enforcement, without violating the Constitution, since a withdrawal of all legal means for the enforcement of a right is equivalent to a subversion of the right itself."

And in Gilman v. Tucker, 128 N. Y. 190, 28 N. E. 1040, where the court said:

"If, as we have seen, he is denied all remedy for the wrong inflicted upon him, the deprivation of his property becomes just as effectual as though it had been taken from him by direct legislative enactment."

The 1933 act of the Legislature repealed section 12642, O. S. 1931, which was the only statutory remedy provided for protect-

ing the plaintiffs' right. No new remedy was provided, and it is not pointed out by the defendants in what manner the plaintiffs were afforded an adequate remedy otherwise. The destruction of the only available remedy was necessarily a destruction of the right. We therefore conclude that the repeal of section 12642, supra, by the act of the 1933 Legislature must, in view of the Constitution, be held to have no effect upon plaintiffs' remedy to proceed before the board of county commissioners in the protection of their right to procure an equitable assessment of their property for purposes of ad valorem taxation.

It is true that plaintiffs had other statutory remedies at certain times prior to the adoption of the 1933 act, and to the filing of the application before the board of county commissioners; this was by resort to the board of equalization, but this remedy had expired by the terms of the law providing same, so that at the time of the adoption of the 1933 act the only remedy available to the plaintiffs by statute was the one they sought to employ. Their right to relief had not become extinguished by the operation of any law in effect at the time of the accrual of the right, but had been preserved to them by the remedy provided by section 12642, supra. How long section 12642 would have preserved the remedy is not an issue here, there being no contention that the application came too late under the terms of the law existing at the time of the accrual of the right. A repeal of the remedy left them no statutory means of enforcing the right, in which event it manifestly affected the right; it effectively destroyed the right.

Other questions raised here are not decided for the reason that our conclusion on the point hereinabove discussed is sufficient for a disposition of the cause.

The judgment is reversed, with directions to the trial court to grant plaintiffs a new trial, and to hear and determine the issues as provided for by section 12642, O. S. 1931.

BUSBY, PHELPS, CORN, and GIBSON, JJ., concur. McNEILL, C. J., OSBORN, V. C. J., and RILEY, J., dissent. BAYLESS, J., absent.