**Billie Sue CARTER, Appellee,**

v.

**Ronald G. CARTER, Appellant.**

**No. 57406.**

Supreme Court of Oklahoma.

Oct. 19, 1982.

Frazier & Smith by Phil Frazier, Tulsa, for appellee.

Paul R. Weinstein, Tulsa, for appellant.

HODGES, Justice.

The dispositive novel question presented is: What effect does a temporary conditional relinquishment of custody, entered into by the parties and approved by the court, have on a subsequent action by the mother to regain custody of her infant?

Billie Sue Carter, appellee, and Ronald G. Carter, appellant, were married in 1971. After four miscarriages, Billie Sue conceived the daughter whose custody is the subject of this appeal. The parents were divorced February 1, 1980, and the mother was awarded custody of the unborn child, which was delivered February 27, 1980. The father was awarded reasonable visitation rights and ordered to pay $250.00 per month child support.

The father exercised his visitation rights, and by October of 1980, the child's time was divided equally between the parties. The child began living with the father, and spending every other weekend with the mother in November, 1980. In January, 1981, the mother moved to Florida to seek employment. The child was left with the father in Tulsa. A few weeks later, the mother returned to Tulsa, and took the child to Florida without informing the father of her plans to do so. While she was in Florida, the child developed medical problems which required surgery. The mother contacted the father and requested that he temporarily take custody of the child. An order changing custody was drafted by the father's lawyer, and after some telephonic discussion between the mother in Florida and the father in Tulsa, in which the order was read to the mother, the mother agreed to the verbiage. It is uncontroverted by the father that the mother insisted that the word temporary be included in the order. The order states that the "temporary care, custody and control of the minor child of the parties be awarded to the defendant."

The father flew to Florida on February 13, 1981; the order was signed at the airport; and the father took the child back to Tulsa. Approximately two weeks later, the mother returned to Tulsa, and was present at the hospital when the child's surgery was performed. The mother asked the father to return custody of the child to her pursuant to their agreement. When he refused to do so, she filed a motion to modify the temporary order and to reinstate the terms of the original divorce decree.

Although the facts reveal that the mother and the father each could provide a proper home for the child, the trial court specifically found that it was in the best interest of the child that custody be reposed in the mother. The court also found that the previous modification was on an agreed temporary basis, and that the mother was currently in a position to give full-time care to her daughter.

The father appealed from the decision of the trial court; he asserts that: the trial court erred in overruling his demurrer because the mother failed to show a substantial change of condition which would justify transference of custody; and that the trial court abused its discretion in awarding custody to the mother.

I

■ Apparently the issue of temporary conditional relinquishment of custody has not been addressed in Oklahoma.[1] The general rule is that, as a matter of public policy, a parent who, in the best interest of the child, relinquishes custody in good faith because he/she is temporarily unable to provide for the child should be able to regain custody by proving that the condition which required relinquishment has been resolved. A parent who is unable to care for his/her children should be encouraged to relinquish custody if he/she is unable to adequately provide for the child. A mother/father would be most reluctant to give

1. The problem was peripherally discussed in the unpublished opinion of *Gaylord v. Gaylord*, No. 53,929, promulgated 1982, in which the Court refused to return custody to the mother after she had agreed to modification of custody. *Gaylord* is distinguishable because the order of modification did not state that custody was temporary.

up his/her child if he/she knew that custody could not be regained.[2]

■ An exception to the rule may be applied if interim custody results in the child becoming totally integrated into the home of the parent with temporary custody. Integration may arise either because of the nature or duration of the provisional custodial arrangement.[3] Determinative factors are: the duration of the temporary custody; the inclination of the parties as to the permanency of the custody; and the age of the child. Custodial environment of the child is established if over an appreciable time the child naturally looks to the custodian for guidance, necessities of life, and parental comfort.[4]

■ The case before us does not fall within this exception. Even if the time the child lived with the father prior to the actual relinquishment is considered, the duration of the custody was minimal. The record clearly indicates the parents agreed the custody change was temporary and conditioned upon the mother's being able to properly care for the child. That condition has been met.

The practice of temporary and voluntary relinquishment of custody to protect the best interest of the child should be encouraged by returning custody upon the resolution of the condition which precipitated the relinquishment. The best interest of the child is the paramount consideration in determining the custodial parent. We do not find that the trial court abused its discretion and in the absence of such, the award will not be reversed on appeal.[5]

AFFIRMED.

IRWIN, C.J., BARNES, V.C.J., and LAVENDER, SIMMS, HARGRAVE, OPALA and WILSON, JJ., concur.

**2.** *Speers v. Speers,* 108 Mich.App. 543, 310 N.W.2d 455 (1981); *Dowd v. Dowd,* 97 Mich. App. 276, 293 N.W.2d 797, 799 (1980); *Miller v. Miller,* 23 Mich.App. 430, 178 N.W.2d 822, 825 (1970).

**3.** *Reaves v. Reaves,* Ala.Civ.App., 399 So.2d 311 (1981); *In Re Custody of Iverson,* 83 Ill.

App.3d 493, 39 Ill.Dec. 27, 404 N.E.2d 411 (1980).

**4.** *Speers v. Speers,* 108 Mich.App. 543, 310 N.W.2d 455, 457 (1981).

**5.** *Duncan v. Duncan,* 449 P.2d 267, 269 (Okl. 1969).