1999 OK CIV APP 66

Denise D. BELLAH, Plaintiff/Appellant,

v.

Terry Don BELLAH, Defendant/Appellee.

No. 91,965.

Court of Civil Appeals of Oklahoma,
Division No. 3.

May 20, 1999.

Joe L. White, Collinsville, Oklahoma, for Appellant,

Richard A. Wagner, II, Bradley A. Grundy, Tiffany N. Arend, Wagner & Grundy, Tulsa, Oklahoma, for Appellee,

Lisa R. Frazier, Assistant Public Defender, Tulsa, Oklahoma, for Minor Children.

Opinion by LARRY E. JOPLIN, Judge:

¶ 1   Plaintiff/Appellant Denise D. Bellah (Mother) seeks review of the trial court's order granting the motion to dismiss of Defendant/Appellee Terry Don Bellah (Father) in Mother's action to terminate Father's parental rights to the parties' two minor children for failure to pay child support for more than one year preceding the filing of the petition.   In this appeal, Mother asserts the trial court erred in applying 10 O.S. Supp. 1998 § 7006–1.1 retroactively as to proscribe Mother's claim to terminate Father's parental rights for Father's failure to support his minor children except in certain circumstances not present herein.   Having reviewed the record and applicable authorities, we find the trial court erred as alleged.   We consequently hold the order of the trial court should be reversed, and the cause remanded for further proceedings.

¶ 2   Mother obtained a divorce from Father by default in 1993 after a three year marriage during which two children were born.   The divorce decree awarded custody of the minor children to Mother, directed Father to pay child support pursuant to the statutory Child Support Guidelines, and granted Father visitation.

¶ 3   In October 1997, Mother filed motion to terminate Father's parental rights alleging Father's failure (for the previous four years) to contribute to the support of the minor children as ordered.   In January 1998, Father filed his answer denying the allegations of Mother's petition.   In May 1998, Father moved to dismiss Mother's claim, arguing 10 O.S. § 7006–1.1 as amended precluded a private claim for termination of parental rights except in circumstances not present in the instant controversy.   On consideration of the matter, the trial court dismissed Mother's termination claim, and Mother now appeals.

¶ 4   At the time Mother commenced the present action, Oklahoma statute permitted termination of parental rights for failure of the non-custodial parent to contribute to the support of his children on petition therefore

by "a parent or guardian." 10 O.S. Supp. 1996 § 7006–1.1(A)(5),[1] (C).[2] After contradictory amendments to § 7006–1.1(C) in late 1997,[3] the Oklahoma Legislature adopted a version of § 7006–1.1(C), effective March 4, 1998, deleting a parent's private action against the other parent for termination of parental rights, except in specific circumstances not present here. 10 O.S. Supp.1998 § 7006–1.1(C).[4]

¶ 5 We agree with Mother that the provisions of 10 O.S. § 7006–1.1 as amended cannot be applied retroactively to bar Mother's cause of action filed prior to such amendment. Specifically, when Mother filed her petition to terminate Father's parental rights for failure to support, the statute authorized such an action. Although the March 1998 amendment to § 7006–1.1 repealed the statutory authority for a parent to seek termination of the other parent's parental rights under these circumstances, that amendment cannot destroy a right which had already accrued under the pre-amended statute.

¶ 6 In this regard, our Constitution specifically provides that the repeal of a statute "shall not ... affect any accrued right, or penalty incurred, or proceedings begun by virtue of such repealed statute." Oklahoma Constitution, Art. V, § 54. An "accrued right" is defined as "a matured cause of action or legal authority to demand redress." *Barry v. Board of County Commissioners of Tulsa County*, 173 Okla. 645, 49 P.2d 548, 550 (1935). A party becomes immediately pos-

sessed of this accrued right to proceed in accordance with existing law for redress upon occurrence of a wrong; the remedy under the statute in effect at the time of filing for redress is preserved for enforcement of the accrued right. *Barry*, 49 P.2d at 550, 551.

¶ 7 As applied to the instant case, the "right" recognized by § 7006–1.1 prior to amendment is clearly substantive, i.e., specifically grants a cause of action and a remedy for the breach of parental duties, including failure to support, and is not merely procedural, i.e., doing nothing to diminish or destroy an accrued right. *Welch v. Armer*, 1989 OK 117, 776 P.2d 847. As a substantive right, the denial or repeal thereof cannot be retroactively effected. *Welch*, 1989 OK 117, ¶ 27, 776 P.2d at 850. Accordingly, we find the trial court erred in granting Father's motion to dismiss.[5]

¶ 8 Having so held, we find this matter must be remanded for further proceedings. That is, § 7006–1.1 as it existed at the time Mother commenced the claim, required a finding that termination of parental rights for failure to support was in the best interests of the minor child[ren] as an element of the cause of action. Consequently, because the trial court did not address this issue or Father's denial of the allegations in Mother's petition, we hold the matter must be remanded to the trial court for hearing on Mother's petition, such hearing to also include a deter-

1. "The finding that a child is delinquent, in need of supervision or deprived shall not deprive the parents of the child of their parental rights, but a court may terminate the rights of a parent to a child in the following situations: ... [Upon a] finding that a parent who does not have custody of the child has willfully failed to contribute to the support of the child as provided in a decree of divorce or in some other court order during the preceding year or, in the absence of such order, consistent with the parent's means and earning capacity; ...."

2. "A parent or guardian of a child may petition the court to terminate the parental rights of a parent or the parents of a child for any of the grounds listed in paragraphs 1, 2 or 5 of subsection A of this section. ..."

3. I.e., on the one hand permitting a private claim for termination on account of non-support, while

on the other, proscribing a private claim except in certain circumstances. *Cf.*, Oklahoma Sessions Laws 1997, ch. 336, § 56; *with*, Oklahoma Sessions Laws 1997, ch. 389, § 8.

4. "The provisions of this section shall not apply to adoption proceedings and actions to terminate parental rights which do not involve a petition for deprived status of the child. ...."

5. By so holding, we find it unnecessary to address Mother's remaining propositions of error. In addition, the arguments presented by the attorney for the children in the brief filed on their behalf may not be considered. That brief and the issues it presents is based on an unpublished opinion of a division of the Court of Civil Appeals contrary to 20 O.S. Supp.1996 § 30.5 and Okla. Sup.Ct. R. 1.200(b)(5).

mination of the best interests of the minor children herein.

¶ 9 The order of the trial court dismissing Mother's claim is therefore REVERSED, and the cause REMANDED for further proceedings.

GARRETT, J., and BUETTNER, P.J., concur.