2000 OK CIV APP 12

**In the Matter of the STATE of Oklahoma in the Interest of A.G. and E.G., Alleged Deprived as Defined by the Laws of the State of Oklahoma.**

**State of Oklahoma, Petitioner/Appellee,**

**v.**

**Richard Giannetti, Respondent/Appellant,**

**and**

**Mary Giannetti, Respondent,**

**and**

**A.G. and E.G., Respondents.**

**No. 92,959.**

Court of Civil Appeals of Oklahoma, Division No. 3.

Dec. 3, 1999.

William L. Clark, Jr., Assistant District Attorney, Stillwater, Oklahoma, For Petitioner/Appellee.

Brenda K. Jenkins Nipp, Stillwater, Oklahoma, For Respondent/Appellant.

BUETTNER, P.J.:

¶1 Appellant father, Richard Giannetti, was alleged to have failed to protect his children from episodic mistreatment by their mother. Consequently, in October 1994, the children were placed in foster care. State filed its application to terminate parental rights October 2, 1998 on the grounds that the parents had not corrected the conditions which led to the adjudication and that the children had been in foster care for fifteen of

the last twenty-two months. After trial, the jury rendered a verdict terminating the parental rights of Richard and Mary Giannetti in their two children and the court entered judgment to that effect. Only Mr. Giannetti appeals. We affirm.

▮ ¶ 2 Mr. Giannetti argues that 10 O.S. Supp.1998 § 7006–1.1(A)(15) was impermissibly applied retroactively thereby violating his right to due process. Section 7006–1.1(A)(15) is an independent ground for termination of parental rights based on the fact that a child has been in foster care for fifteen of the last twenty-two months.[1] The record reveals that Mr. Giannetti failed to object to the application of this law to him at any stage of the proceedings. The petition for termination contained this ground. He stipulated before trial that the children had been in foster care for fifteen of the most recent twenty-two months. The jury was instructed on this ground. Mr. Gianetti was afforded adequate notice of the grounds for termination and took full advantage of his opportunity to be heard. He was not denied due process of the law. *Lebus v. Carden,* 1978 OK 91, 583 P.2d 503. In any event, failure to object deprives the trial court of the opportunity to rule on the law. "Issues not properly presented to the trial court cannot be considered by this Court on appeal." *Steiger v. City National Bank of Tulsa,* 1967 OK 41, 424 P.2d 69 (syllabus by the court).[2]

▮ ¶ 3 Next, Giannetti contends that his parental rights were terminated before allowing him three months to complete the treatment plan. The statute in question, 10 O.S. Supp.1998 § 7003–5.5(I)(1), provides:

> If reasonable efforts are required for the return of the child to the child's home, the court shall allow the parent of the child not less than three (3) months to correct conditions which led to the adjudication of the child as a deprived child prior to terminating the parental rights of the parent pursuant to the provisions of Section 7006–1.1 of this title.

¶ 4 This family was allowed four years to attempt correction of the conditions which lead to the adjudication of deprived. The court adopted several treatment plans during this period. Although the final amended plan was adopted July 16, 1998, approximately two and one-half months prior to the filing of the petition for termination of parental rights, this is insignificant in light of the fact that the law requires only one three month period. "In construing a statute, we begin with the statutory language itself with the ultimate goal of determining the legislative intent. However, it is unnecessary to apply rules of construction to discern Legislative intent if the will is clearly expressed." *State ex rel. Macy v. Freeman,* 1991 OK 59, 814 P.2d 147, 153. Had the court initially found that reasonable efforts to reunite the family were required, the State could have filed to terminate at the end of the first three month period. The decision whether to file at the end of the three month period immediately succeeding the adjudication is more a matter of the State's legal analysis of the facts in each case and whether the State considers additional time would be beneficial in the

---

1. 10 O.S. Supp. 1998 § 7006–1.1(A): Pursuant to the provisions of the Oklahoma Children's Code, the finding that a child is delinquent, in need of supervision or deprived shall deprive the parents of the child of their parental rights, but a court may terminate the rights of a parent to a child in the following situations. The paramount consideration in the proceedings concerning termination of parental rights shall be the health, safety and best interests of the child: * * *

   15. The child has been placed in foster care by the Department of Human Services for fifteen (15) of the most recent twenty-two (22) months. For purposes of this paragraph, a child shall be considered to have entered foster care on the earlier of:
   a. the adjudication date, or

b. the date that is sixty (60) days after the date on which the child is removed from the home.

2. Mr. Gianetti did not claim that this alleged error was fundamental, permitting review despite failure to preserve the issue in the trial court. *Sullivan v. Forty–second West Corporation,* 1998 OK 48, 961 P.2d 801, 802. Nonetheless, we have considered the allegation of impermissible retroactivity of the law, on our own motion, to determine whether the trial court committed fundamental error. It is clear that the legislation, 10 O.S. Supp. 1998 § 7006–1.6, envisioned retroactive application, thus creating an exception to the presumption that legislature which impairs a substantive right operates prospectively only. *Nantz v. Nantz,* 1988 OK 9, 749 P.2d 1137, 1141.

reunification efforts. In the case at bar, the relevant three month period for Mr. Giannetti ended about January 6, 1995. A new three month period does not commence upon every review hearing or plan modification.

¶5 Section 7006–1.1(A)(15) is an independent ground for termination of parental rights. It presupposes that any proceedings required by § 7003–5.5(I)(1) have been undertaken. It suggests that if the reasonable efforts to return the child to the parents have not been successful to the extent that the child has been in foster care for fifteen of the most recent twenty-two months, then this ground may be used to terminate parental rights, independent of any other grounds. In this case, the parties stipulated that the children had been in foster care for fifteen of the most recent twenty-two months. As a result, the only question for trial was whether termination of parental rights was in the children's best interests.

¶6 For his third proposition of error, Mr. Giannetti claims that the Department of Human Services interfered with his ability to comply with the treatment plan. The test, however, is not whether he completed the plan but whether he corrected the conditions which led to the adjudication. In the *Matter of J.M.*, 1993 OK CIV APP 121, 858 P.2d 118, 120. There was sufficient evidence for the jury's determination that the conditions had not been corrected. Again, this is implicit in the fact that the children had remained in long-term foster care.

¶7 Finally, Mr. Giannetti asserts that interference by the Department of Human Services stayed the requirement of three months to complete the plan. Because we have found that the only mandatory three-month period occurred immediately after the adjudication, in this case, this contention has no merit.

¶8 The trial court's order terminating the parental rights of Richard Giannetti in his children, A.G. and E.G., is AFFIRMED.

¶9 JOPLIN, J., concurs.

GARRETT, J., dissenting:

¶1 In my view the trial court erred in making the amended statute retroactive. *Ex post facto* statutes are and have always been unconstitutional. Parental rights are fundamental, thus this is a fundamental error. I therefore dissent.