F I L E D
United States Court of Appeals
Tenth Circuit

FEB 12 2002

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

CITY OF TAHLEQUAH,

        Plaintiff-Appellee,

v.

LAKE REGIONAL ELECTRIC
COOPERATIVE, INC.,

        Defendant-Appellant,

    and

UNITED STATES OF AMERICA,
ex rel. Rural Electrification
Administration,

        Defendant.

No. 00-7038
(D.C. No. 98-CV-293-S)
(E.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **KELLY** , Circuit Judge, **BRORBY** , Senior Circuit Judge, and **LUCERO** , Circuit Judge.

---

*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant-appellant Lake Region Electric Cooperative, Inc. (Lake Region), a rural electric power distribution cooperative in northeast Oklahoma, appeals the district court's denial of its motion to dismiss this eminent domain proceeding filed by plaintiff-appellee City of Tahlequah (the City) to acquire part of Lake Region's electric distribution facilities. [1] Lake Region's motion to dismiss was based on a legislatively-imposed moratorium on this type of municipal acquisition by condemnation. [2] The district court denied the motion, holding that a retroactive

---

[1] The Rural Electrification Administration (now called Rural Utilities Services) holds a mortgage interest as security for its financing of Lake Region's facilities. The United States removed the matter to federal court.

[2] The Oklahoma Supreme Court has set out "[t]he pertinent statutory language" as follows:

> There is hereby declared a moratorium on all municipal condemnation proceedings instituted pursuant to Section 437.2 of Title 18 of the Oklahoma Statutes, initiated prior to July 1, 2002. The moratorium shall also apply to all municipalities or public trusts thereof which attempt to condemn the facilities of electric public utilities or rural electric cooperatives for the purpose of utilizing such facilities for the delivery of electric power and energy. If full consumer choice in the supply of electric power and energy is implemented in this state on or before July 1, 2002, the municipal condemnation provisions authorizing municipalities with electric

(continued...)

-2-

application of the moratorium violated article V, section 52 of the Oklahoma

Constitution which provides that "[a]fter suit has been commenced on any cause

of action, the Legislature shall have no power to take away such cause of action."

Thus, the matter was allowed to proceed to a jury assessment of just

compensation for the property. This appeal followed.

Because the case presented an important question of undecided Oklahoma

law, and because resolution of the question was determinative of this appeal, we

certified the following question to the Oklahoma Supreme Court:

> Senate Bill 888 [Okla. Stat. tit. 11 § 21-222 (1998)] declares a "prospective and retroactive" moratorium on certain municipal condemnations of facilities of rural electric cooperatives and electric utilities. The Oklahoma Constitution, article V section 52, provides that the legislature lacks "power to take away [a] cause of action" after commencement of a "suit." In light of statements in Oklahoma case law that condemnation matters are special proceedings, not actions at law or suits in equity, does the moratorium affect a condemnation proceeding filed before the enactment of Senate Bill 888?

---

[2](...continued)
> utilities to condemn the facilities of rural electric cooperatives contained in Section 437.2 of Title 18 of the Oklahoma Statutes is hereby repealed. If retail consumer choice is not implemented in this state on or before July 1, 2002, this moratorium shall become null and void. *The moratorium provided for herein shall have prospective and retroactive application* .

*City of Tahlequah v. Lake Region Elec. Coop., Inc.* , No. 95563, 2002 WL 49965, at *1 (Okla. Jan. 15, 2002). *Id.* (quoting Okla. Stat. tit. 11, § 21-222 (1998)) (emphasis added by Oklahoma Supreme Court).

*City of Tahlequah v. Lake Region Elec. Coop., Inc.*, No. 00-7038, 2000 WL 1828398, at \*1 (10th Cir. Nov. 21, 2000).

The Oklahoma Supreme Court has answered the certified question in the affirmative. It has held that a condemnation proceeding "is not a 'cause of action'" and, therefore, "a legislatively-effected stay of such proceedings would neither implicate nor violate art. V, § 52's circumscription of legislative power to take away a cause of action–regardless of when the condemnation was instituted." *City of Tahlequah v. Lake Region Elec. Coop., Inc.*, No. 95563, 2002 WL 49965, at \*3 (Okla. Jan. 15, 2002). Consequently, the district court's denial of Lake Region's motion to dismiss is contrary to Oklahoma law. [3]

---

[3] The City also argues that its interest in continuing this condemnation proceeding is an "accrued right" protected by article V, § 54 of the Oklahoma Constitution, which prohibits the legislature from affecting "any accrued right . . . or proceedings begun by virtue of [a] repealed statute." An "'accrued right'" within the meaning of § 54 is a "'matured cause of action or legal authority to demand redress.'" *Bellah v. Bellah*, 986 P.2d 528, 529 (Okla. Ct. App. 1999) (quoting *Barry v. Bd. of Comm'rs of Tulsa County*, 49 P.2d 548, 550 (Okla. 1935)). A condemnation proceeding is "not a cause of action" and is not "instituted to remedy a wrong." *City of Tahlequah*, 2002 WL 49965, at \*3. "Since the [Oklahoma] Legislature is empowered to authorized municipal condemnations under prescribed guidelines, it can also impose a stay or moratorium on an earlier legislatively–granted condemnation right." *Id.* at \*2. The moratorium does not violate § 54.

The judgment of the district court is REVERSED, and the case is REMANDED with instructions to vacate the jury assessment of just compensation.

Entered for the Court


Wade Brorby
Senior Circuit Judge