2002 OK CIV APP 106

**John R. GILLETTE, Plaintiff/Appellee,**

v.

**Tammy Jo GILLETTE, now Duvall, Defendant/Appellant.**

**No. 96,724.**

Court of Civil Appeals of Oklahoma, Division 3.

Sept. 30, 2002.

Gary A. Taylor, Stan Foster, John W. Turner, Legal Aid Services of Oklahoma, Inc., Oklahoma City, for Defendant/Appellant.

Phillip J. Tucker, Noel K. Tucker, Roxane Gautreaux–Carte, Kayla Lawson Yanda, The Tucker Law Firm, Edmond, for Plaintiff/Appellee.

MITCHELL, J.

¶ 1  Tammy Jo Gillette, now Duvall, Defendant/Appellant or "Mother", seeks review of an order denying her motion to modify or, alternatively, petition to vacate an earlier order which permanently relinquished her "future care, custody and control" of her minor child. The trial court based its order on 10 O.S.1991 § 27[1] (since amended and renumbered as 10 O.S. Supp.2000 § 21.4). The order was entered following trial on a motion to terminate Mother's parental rights filed by John R. Gillette, Plaintiff/Appellee or "Father", the former husband of Mother and the minor child's father. On appeal, Mother contends the order permanently relinquishing her custody to her minor child is void as a matter of law.

¶ 2  Father and Mother were divorced in 1991. As part of that divorce, Mother was given custody of the parties' minor child. In a 1994 agreed order, custody was modified to give Father custody of the minor child, with Mother granted visitation and ordered to pay child support. In 1996, Father brought a "private" action seeking to terminate the parental rights of Mother. He alleged Mother had willfully failed to pay child support for more than twelve months preceding the filing of the petition.[2,3]  Mother denied the allegation.

---

1.  10 O.S.1991 § 27 provides in pertinent part:
    No person may assign, relinquish, or otherwise transfer to another his rights or duties with respect to the permanent care or custody of a child, except to the parents, or to the relatives within the fourth degree, of the child concerned, unless specifically authorized or required so to do by an order or judgment of a court of competent jurisdiction or unless by a relinquishment executed in writing in accordance with the provisions of this act...

2.  Father apparently brought his termination action under the authority of 10 O.S. Supp.1995 § 7006–1.1 (since amended, with changes not material here) which provides in pertinent part:
    A.  Pursuant to the provisions of the Oklahoma Children's Code, the finding that a child is delinquent, in need of supervision or deprived shall not deprive the parents of the child of their parental rights, but a court may terminate the rights of a parent to a child in the following situations; provided, however, the paramount consideration in proceedings concerning termination of parental rights shall be the health, safety or welfare and best interests of the child:
        *  *  *
    7.  A finding that a parent who does not have custody of the child has for a period of twelve (12) consecutive months out of the last fourteen (14) months immediately preceding the filing of a petition for termination of parental rights, willfully failed, refused or neglected to contribute to the support of such child:
        a.  in substantial compliance with an order entered by a court of competent jurisdiction

¶3 After a hearing, the trial court refused to terminate Mother's parental rights finding that Father failed to establish by clear and convincing evidence that Mother willfully failed to pay the ordered child support for the one year immediately preceding the filing of his termination application. However, the trial court did find that Mother "failed to contribute to the support of the ... child", and "failed to establish any significant relationship with this child". The court ordered **Mother's "right to the permanent care, custody or control of this child be relinquished in and to Plaintiff [Father], as authorized by 10 O.S. § 27"** (emphasis added). The trial court granted a judgment for Father in the amount of the past due child support and Mother was also ordered to pay future child support. She was allowed visitation. The order was filed in April, 1998.

¶4 More than three years later, in May, 2001, Mother filed a motion to modify or, alternatively, petition to vacate. She contended 10 O.S.1991 § 27, relied upon by the trial court three years earlier, did not provide the authority to order permanent relinquishment of her right to have or seek custody of her child. Such order was therefore void as a matter of law and subject to being vacated at any time under 12 O.S. Supp.1993 § 1038.[4] She argued the purpose of 10 O.S. 1991 § 27 is to allow a parent to relinquish custody in good faith because he or she is temporarily unable to provide for a child. Later, the parent should be able to regain custody when the condition which required the relinquishment has been resolved. Mother relied on *Olinghouse v. Olinghouse,* 1995 OK CIV APP 104, 908 P.2d 280, where a voluntary relinquishment of custody to an aunt was held properly vacated when the mother sought a return of custody. The relinquishment there was not irrevocable and did not terminate the mother's parental rights. Mother here also alleged there had been a substantial change of condition which affected the minor child and it would be in the best interests of the child for Mother to have a more active role in the child's life.

¶5 Father responded, contending the trial court had jurisdiction to make the order of permanent relinquishment; Mother's motion/petition was time barred; and, the motion/petition was vague in requesting a "more active role" in the child's life and should be stricken. After hearing, the trial court denied Mother's motion/petition, specifically finding that *Olinghouse,* supra, was not applicable "for several reasons", including that the dispute there "was between an aunt and a parent with a relinquishment done by the agreement of the parents without the benefit of an evidentiary hearing."

■ ¶6 The question on review is one of statutory interpretation of 10 O.S.1991 § 27, and whether the trial court had the power under that statute to "permanently relinquish" Mother's right to permanent care, custody and control of her minor child. The facts here are uncontroverted. The issue is solely one of law, therefore our standard of review is *de novo.* "Because the issue on review, how to interpret a statute, is one of law, we will examine the trial court's ruling independently and without deference to the trial court's ruling." *Fink v. State ex rel. Dept. of Public Safety,* 1992 OK CIV APP 169, 852 P.2d 774, 776, citing *Salve Regina College v. Russell,* 499 U.S. 225, 111 S.Ct. 1217, 113 L.Ed.2d 190 (1991). "Issues of law are reviewable by a *de novo* standard and an

adjudicating the duty, amount and manner of support, ...

**3.** In 1985, The Oklahoma Supreme Court in *Davis v. Davis,* 1985 OK 85, 708 P.2d 1102, held that actions to terminate parental rights could not be brought by a private individual under the authority of 10 O.S. § 1130, the forerunner of 10 O.S.2001 § 7006–1.1, the termination statute in effect today. In 1986, the legislature amended § 1130 adding paragraph D which specifically provided that a parent or guardian of a child may bring an action to terminate a parent's parental rights. 10 O.S. Supp.1986 § 1130(D). Minor changes were made to the statute in 1987,

1993, 1994 and 1995. In 1997, the statute, renumbered as 10 O.S. § 7006–1.1, was again amended making it applicable only where there was also a state action to have the child's deprive status adjudicated. § 7006–1.1(C). In 2000, paragraph D was added providing that a petition for termination of parental rights may be filed by the district attorney or the attorney for the child. § 7006–1.1(D).

**4.** 12 O.S. Supp 1993 § 1038 provides in pertinent part: "A void judgment, decree or order may be vacated at any time, on motion of a party, or any person affected thereby."

appellate court claims for itself plenary independent and non-deferential authority to re-examine a trial court's legal rulings." *Kluver v. Weatherford Hosp. Authority,* 1993 OK 85, 859 P.2d 1081, 1084, citing *Salve Regina College v. Russell,* supra.

¶ 7 The United States Supreme Court has held the relationship between a parent and a child is constitutionally protected. *Quilloin v. Walcott,* 434 U.S. 246, 255, 98 S.Ct. 549, 554, 54 L.Ed.2d 511 (1978). Likewise, in *Nelson v. Nelson,* 1998 OK 10, 954 P.2d 1219, 1226, the Oklahoma Supreme Court stated: "Unquestionably, the relationship of a parent to a child is a constitutionally protected right." A parent has a basic fundamental right, which is protected by the United States and Oklahoma Constitutions, to the companionship, care, custody and management of his/her child. *Leake v. Grissom,* 1980 OK 114, 614 P.2d 1107, 1109–10. A fundamental and constitutionally protected right cannot be infringed upon, absent a compelling state interest such as protecting a child from harm. See, e.g., *In the Matter of Sherol A.S.,* 1978 OK 103, 581 P.2d 884, 888; see generally, *In re Herbst,* 1998 OK 100, 971 P.2d 395.

¶ 8 This state has enacted legislation, here 10 O.S. Supp.1995 § 7006–1.1, which allows the compelling state interest of protecting a child from harm to be advanced. Father attempted to use 10 O.S. Supp.1995 § 7006–1.1 to terminate Mother's parental rights due to her *willful* failure to pay child support. The trial court found Father did not meet his burden of clear-and-convincing evidence[5] to show "willful" failure as required by § 7006–1.1(A)(7); therefore Mother's parental rights could not be terminated. Father did not appeal and no other remedy is offered under § 7006–1.1 when the statutory burden is not met.

¶ 9 Title 10 O.S.1991 § 27, the statute relied upon by the trial court, is simply not applicable here. Section 27 merely provides an avenue for *voluntary relinquishment* of child custody by a parent (or another) unable to care for a child, such as when a parent is called for active military duty or has some type of infirmity. To that extent, *Olinghouse* addresses the temporary, voluntary nature of 10 O.S. § 27:

The rule with regard to temporary conditional relinquishment is that:

. . . as a matter of public policy, a parent who, in the best interest of the child, relinquishes custody in good faith because he/she is temporarily unable to provide for the child should be able to regain custody by proving that the condition which required relinquishment has been resolved. A parent who is unable to care for his/her children should be encouraged to relinquish custody if he/she is unable to adequately provide for the child. A mother/father would be most reluctant to give up his/her child if he/she knew that custody could not be regained.

*Olinghouse,* supra at 287, quoting *Carter v. Carter,* 1982 OK 123, 653 P.2d 207, 208–09.

¶ 10 Section 27 allows voluntary relinquishment of child custody to a parent or relative within the 4th degree. Such relinquishment of custody to anyone else must be authorized by a court order in an ancillary proceeding or otherwise executed in writing where permitted by statute. There is no language in this statute giving courts the power to make an order forcing a parent to relinquish his or her rights to a child.

¶ 11 Father contends the trial court had subject matter jurisdiction and jurisdiction of the parties, therefore the order relinquishing Mother's custody was proper. Assuming, *arguendo,* the trial court had such jurisdiction, the court did not have the power to create a new vehicle to relieve a parent of custody forever. That domain belongs exclusively to the legislature which created the statutes dealing with termination. OK. CONST. art. 4, § 1; art. 5, § 1.

¶ 12 Here, the trial court found insufficient evidence to order termination of Mother's parental rights under the termination statute. It then erroneously attempted to limit her rights pursuant to 10 O.S. § 27. The trial court did not have the judicial

---

5. The termination-seeking claimant must prove its case by **clear-and-convincing** evidence to overcome the law's presumption that a child's best interest is to be in the custody of its natural parents. *Matter of C.G.,* 1981 OK 131, 637 P.2d 66, 70–71.

power to enter the 1998 order. That order was clearly void.

¶ 13 REVERSED AND REMANDED.

HANSEN, P.J., and ADAMS, J., concur.