2012 OK CIV APP 15

**In the Matter of F.H.G.; G.R.G.; S.G.; H.M.R.; and S.D.R., Children Under 18 Years of Age:**

**Lemont Gardner, Appellant,**

v.

**State of Oklahoma, Appellee.**

**No. 109494.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Oct. 28, 2011.

Certiorari Denied Jan. 30, 2012.

George P. Nelson, Tulsa, OK, for Appellant.

Tim Harris, District Attorney, Mary Elizabeth Walters, Assistant District Attorney, Tulsa, OK, for Appellee.

Renee Waisner, Public Defender's Office, Tulsa, OK, for Minor Children.

CAROL M. HANSEN, Judge.

¶ 1 Appellant, Lemont Gardner (Father), seeks review of the trial court's order terminating his parental rights to F.H.G., G.R.G., and S.W.G. (Children). We reverse because neither the jury's verdict nor the trial court's judgment made all the findings necessary for termination, including the finding termination was in Children's best interest.

¶ 2 A parent has a basic fundamental right, protected by the United States and Oklahoma Constitutions, to the companionship, care, custody and management of his child.

*Gillette v. Gillette,* 2002 OK CIV APP 106, 57 P.3d 888, 891. The fundamental integrity of the family unit is subject to intrusion and dismemberment by the State only where a compelling State interest arises; the requisite State interest is protecting the child from harm. *In re Sherol A. S.,* 1978 OK 103, 581 P.2d 884, 888. Before a parent may be deprived of that right, he must be accorded the full panoply of procedural and substantive safeguards associated with constitutional protections of fundamental rights. *In re Adoption of Blevins,* 1984 OK CIV APP 41, 695 P.2d 556, 560. The remedy of termination of parental rights exists purely by statute. *In re Christopher H.,* 1978 OK 50, 577 P.2d 1292, 1293. The state may not terminate parental rights except in compliance with the relevant statutes.

¶ 3 Termination proceedings are controlled by the statutes in effect at the time the proceedings began. Okla. Const. Art. V, § 54, and *Bellah v. Bellah,* 1999 OK CIV APP 66, 986 P.2d 528, 529. An order terminating parental rights must identify the specific statutory basis relied on and must contain the specific findings required by that statutory provision. In the absence of the required findings, we are effectively precluded from determining if the trial court acted properly in terminating parental rights. *In re W.A.,* 2004 OK CIV APP 50, 91 P.3d 682, 683.

¶ 4 In the present case, Appellee State of Oklahoma (State) moved to terminate Father's parental rights on January 7, 2010, pursuant to 10 O.S.Supp.2009 § 1–4–904(B)(5), which provides the court may terminate parental rights upon finding:

a. the parent has failed to correct the condition which led to the deprived adjudication of the child, and

b. the parent has been given at least three (3) months to correct the condition;

. . .

Following the 2009 amendments, Subsection A provides parental rights may not be terminated upon any of the grounds in Subsection B unless:

1. The child has been adjudicated to be deprived either prior to or concurrently with a proceeding to terminate parental rights; and

2. Termination of parental rights is in the best interests of the child.

¶ 5 The trial court's judgment states Children were previously adjudicated deprived. The jury's verdict and the judgment found Father's parental rights to each child should be terminated on the ground Father failed to correct the conditions which caused the child to be deprived. Absent from the verdict and the judgment are the required findings Father was given at least three months to correct the conditions and termination was in Children's best interests.

¶ 6 In the absence of the required findings, the trial court fundamentally erred in terminating Father's parental rights. Its order is REVERSED.

ROBERT D. BELL, C.J., specially concurring.

¶ 7 No case in this Court has a higher level of importance than that of one dealing with children and the termination of parental rights. There is no such thing as harmless error in this area of the law. When these cases are brought against a parent, no matter how repugnant one may be, it must be done correctly and to the black letter of the law. The State has to follow all the proper steps. It cannot take any shortcuts. We are not simply giving the children back to the Father, but the termination *must* be done correctly. The trial court must have the correct findings and/or instructions regarding the child's best interests in its judgment.

WILLIAM C. HETHERINGTON, P.J., dissenting.

¶ 8 I dissent to the majority view the necessary findings required by Title 10 O.S. Supp.2009 § 1–4–904(B)(5) were not sufficiently included in the verdict or judgment.

¶ 9 The verdict form found, *inter alia,* Father "... failed to correct the conditions which caused the child to be deprived." Jury instruction No. 14 correctly instructed the jury on the elements required to be proved, to include specifically the jury had to find by clear and convincing evidence that: "3. The

parent has had at least three months to correct the conditions, and 4. Termination of parental rights is in the best interest of the child." Each element required was considered by the jury resulting in a unanimous verdict. Specific finding was made in the ORDER SUSTAINING STATE'S MOTION TO TERMINATE PARENTAL RIGHTS UPON A JURY VERDICT, "... in accordance with the verdicts pursuant to 10A Okla. Stats § 1–4–904(B)(5)." It later recites: "The Court further finds the termination of parental rights provisions of the Acts have been complied with." Finally, the record reflects evidence presented at trial clearly demonstrated Father failed to correct the deficient conditions for over three months. I would AFFIRM.