273 P.3d 83 (2012)
2012 OK CIV APP 18
In the Matter of P.W.W., L.M.W., N.W. and S.W., Alleged Deprived Children,
Michele Wigington, natural mother, Appellant,
v.
State of Oklahoma, Appellee.
No. 108,236. Released for Publication by Order of the Court of Civil Appeals of Oklahoma, Division No. 3.
Court of Civil Appeals of Oklahoma, Division No. 3.
January 25, 2012.
Frank Stout, Ada, Oklahoma, for Appellant.
Emily Redman, District Attorney, Greg Jenkins, Assistant District Attorney, Atoka, Oklahoma, for Appellee.
LARRY JOPLIN, Judge.
¶ 1 Appellant Michele Wigington (Mother) seeks review of the trial court's judgment on a jury's verdict terminating her parental rights to P.W.W., L.M.W., N.W., and S.W. (collectively Children). We reverse because, prior to the filing of Appellee State of Oklahoma's (State) motion to terminate Mother's parental rights, the Legislature repealed the *84 sole statutory ground for termination upon which the trial court instructed the jury.
¶ 2 Mother alleged her husband (Father) had sexually abused Children, and State took them into custody. On July 9, 2007, the trial court adjudicated Children deprived, finding they had been subjected to sexual abuse and exposed to pornography and substance abuse, and Mother and Father had failed to protect them from sexual abuse. The trial court placed Children in the custody of the Oklahoma Department of Human Services and Mother agreed to abide by a treatment plan. On November 30, 2009, State moved to terminate Mother's parental rights on the grounds Children had been in foster care for fifteen of the most recent twenty-two months, and Mother had failed to complete a treatment plan although given at least three months to correct the conditions.
¶ 3 The parties tried the matter before a jury on March 8, 2010. On the grounds for termination, the trial court instructed the jury:
The State seeks to terminate the parent's rights on the basis that the child has been in foster care for 15 months. In order to terminate parental rights on the basis that the child has been in foster care for 15 months, the State must prove by clear and convincing evidence that:
1. The children have been adjudicated deprived;
2. The children have been placed in foster care by the Department of Human Services for 15 months out of the most recent 22 months before the filing of the petition;
3. The parent was responsible for the child's being in foster care for 15 of the most recent 22 months;
4. Allowing the parent to have custody of the child would result in actual or potential harm to the child; and,
5. Termination of parental rights is in the best interests of the child.
A child is deemed to have entered foster care on the earlier of:
1. The date of the adjudication that the children were deprived; or,
2. Sixty days after the date the children was [sic] removed from the home.
The trial court instructed on no other grounds for termination, and Mother did not object to instructions other than the verdict form.
¶ 4 The jury returned a verdict finding Mother's parental rights to each child should be terminated "on the statutory ground that the parent failed to correct the following conditions that led to the adjudication that the child was deprived: The Children have been adjudicated deprived, and have been placed in foster care by the Department of Human Services for 15 of the most recent 22 months." The trial court entered its judgment on the verdict, finding termination was in Children's best interests, and "termination of parental rights is hereby authorized pursuant to 10 O.S. 7006-1.1(5) as the natural parent, Michele Wigington has failed to complete treatment plan."
¶ 5 Mother appeals, contending State failed to support its case with clear and convincing evidence. However, we need not consider the sufficiency of the evidence because the trial court committed a fundamental error of law when it instructed the jury on the ground for termination.
¶ 6 If the appellant does not object to the refusing or the giving of an instruction pursuant to 12 O.S.2001 § 578, our authority is limited to reviewing only fundamental error appearing on the face of the instructions. Sullivan v. Forty-Second West Corp., 1998 OK 48, 961 P.2d 801, 802. The trial court has an affirmative duty to give instructions which correctly state the law regarding the issues presented, and the failure to do is fundamental error which is reviewable even if no exception has been taken. Sellars v. McCullough, 1989 OK 155, 784 P.2d 1060, 1062-1063.
¶ 7 In the present case, Mother's attorney objected to no jury instructions except the verdict form. However, as we now explain, the trial court committed a fundamental error of law in instructing the jury.
¶ 8 In this respect, a parent has a basic fundamental right, protected by the *85 United States and Oklahoma Constitutions, to the companionship, care, custody and management of his child. Gillette v. Gillette, 2002 OK CIV APP 106, 57 P.3d 888, 891. Before a parent may be deprived of that right, he must be accorded the full panoply of procedural and substantive safeguards associated with constitutional protections of fundamental rights. In re Adoption of Blevins, 1984 OK CIV APP 41, 695 P.2d 556, 560. The remedy of termination of parental rights exists purely by statute. In re Christopher H., 1978 OK 50, 577 P.2d 1292, 1293. The state may not terminate parental rights except on the specifically enumerated statutory grounds.
¶ 9 In 1998, the Legislature added Subsection (A)(15) to 10 O.S. Supp.2007 § 7006-1.1 authorizing termination of parental rights if the child had been in foster care for fifteen of the last twenty-two months. Laws 1998, c. 414, § 20, emerg. eff. June 11, 1998. The Legislature repealed the section by Laws 2009, c. 233, § 76, emerg. eff. May 21, 2009.
¶ 10 In the present case, State filed its deprived child petition before repeal and its motion to terminate parental rights after repeal. Therefore we must examine which version of the statute, now codified at 10A O.S. 2011 § 1-4-904, applied to the termination proceeding below.
¶ 11 The Oklahoma Constitution, Art. V, § 54, is controlling. It provides, "The repeal of a statute shall not revive a statute previously repealed by such statute, nor shall such repeal affect any accrued right, or penalty incurred, or proceedings begun by virtue of such repealed statute."
¶ 12 The deprived child proceeding was not a proceeding begun by virtue of the repealed statute; rather, it was begun pursuant to 10A O.S.2011 § 1-4-301 (renumbered from 10 O.S. Supp.2002 § 7003-3.1 by Laws 2009, c. 233, § 229, emerg. eff. May 21, 2009), which authorized the district attorney to petition for an adjudication a child is deprived. The repealed subsection was part of the statute authorizing termination of parental rights; to proceed under the repealed statute, State would have to have filed its motion to terminate Mother's parental rights prior to repeal.
¶ 13 It did not. At the time State filed its motion to terminate Mother's rights, the Oklahoma Children's Code, 10A O.S. Supp. 2009 § 1-4-904 (renumbered from 10 O.S. 2001 § 7006-1.1 by Laws 2009, c. 233, § 263, emerg. eff. May 21, 2009), did not authorize the trial court to terminate parental rights on the grounds the child had been in foster care for fifteen out of the last twenty-two months. Mother could not, by waiver, impart such authority upon the trial court after the Legislature had withdrawn it. Therefore, even though Mother did not raise the issue below or on appeal, we hold the trial court fundamentally erred in instructing the jury on the repealed ground for termination of parental rights.[1]
¶ 14 Our holding is consistent with prior cases in which the Court of Civil Appeals applied amendments to the termination of parental rights statute. In In re M.C., 1999 OK CIV APP 128, 993 P.2d 137, the Court determined the 1998 amendment adding subsection (A)(15) was an ex post facto law when applied to a termination proceeding filed before its effective date. However, the Court has approved application of the amendment in cases where it went into effect after the deprived child proceeding was filed but before the petition to terminate was filed. In re A.G., 2000 OK CIV APP 12, 996 P.2d 494, and In re T.M., 2000 OK CIV APP 65, 6 P.3d 1087. Similarly, the Court in In re J.C., 2010 *86 OK CIV APP 138, 244 P.3d 793, 794, n. 2., rejected the parent's contention the law in effect at the time of the deprived adjudication applied to the termination proceeding when the State filed its second amended motion to terminate after the effective date of the statutory amendment.
¶ 15 In the present case, State's motion to terminate included failure to correct conditions as a ground for termination pursuant to 10A O.S.2011 § 1-4-904(B)(5), and the trial court's judgment found Mother had failed to complete the treatment plan. Because the trial court did not instruct the jury on that ground, its finding is not supported by the verdict and we must reverse its judgment. However, our reversal of the trial court's judgment is without prejudice to State's reassertion of that ground on remand.[2]
¶ 16 The trial court's judgment terminating Mother's parental rights is REVERSED and this matter is REMANDED for further proceedings consistent with this opinion.
MITCHELL, P.J., and BUETTNER, J., concur.
NOTES
[1] We note that at the same time the Legislature repealed § 7006-1.1(A)(15), it also repealed § 7006-1.6 (requiring DHS to provide district attorneys with a list of adjudicated deprived children who had been in DHS custody for 15 of the most recent 22 months), and § 7003-4.7(A)(2) (requiring the district attorney to petition for termination if a child had been the custody of the Department of Juvenile Justice for 15 of the most recent 22 months), but it did not repeal § 7003-4.7(A)(1) (directing the district attorney to file a petition for termination when the child had been placed in foster care by DHS for 15 of the most recent 22 months). Laws 2009, c.233, §§ 76, 189, and 33, respectively. Therefore, the Oklahoma Children's Code continues to require the district attorney to file a petition to terminate parental rights if the child has been in DHS custody for 15 of the most recent 22 months, although it has withdrawn from the court the authority to terminate parental rights on that ground.
[2] We note termination of parental rights under 10A O.S.2011 § 1-4-904(B)(5) requires a finding the parent has failed to correct the condition, not a finding the parent failed to comply with the treatment plan. 10A O.S.2011 § 1-4-704. Failure to comply with the treatment plan, in itself, is not grounds for termination. In re K.C., 2002 OK CIV APP 58, 46 P.3d 1289, 1291. Children were adjudicated deprived because they were sexually abused and exposed to pornography and substance abuse. A specific statement of these conditions leading to the deprived adjudication is fundamental to the case. The statement should appear in the trial court's order adjudicating the child deprived, in the treatment plan, and in the order terminating parental rights upon § 1-4-904(B)(5) grounds. In order for the jury to make a finding the parent failed to correct the conditions, the jury must be instructed what the conditions were. Therefore, the statement should appear in the jury instructions as well.