838 P.2d 38 (1992)
In the Matter of B.M.O., T.M.O., R.L.O., R.D.O. and A.G.O., Deprived Children.
Patsy ORM, Appellant,
v.
The STATE of Oklahoma, Appellee.
No. 77594.
Court of Appeals of Oklahoma, Division No. 3.
July 28, 1992.
R.C. Garland, Pauls Valley, for appellant.
J. Tully McCoy, Candace L. Blalock, Pauls Valley, for appellee.
Released for Publication by Order of the Court of Appeals of Oklahoma, Division No. 3.

*39 OPINION
HANSEN, Vice-Chief Judge:
Patsy Orm (Appellant), seeks review of the trial court's order terminating her parental rights. We find the trial court's determination constitutionally infirm for lack of sufficient notice and reverse.
Our Supreme Court has held parents have a fundamental, constitutionally protected interest in the "continuity of legal bond with their children". Matter of Delaney, 617 P.2d 886 (Okla. 1980). Addressing the constitutional requirement for due process in Matter of C.G., 637 P.2d 66 (Okla. 1981), the Supreme Court found:
Due process inexorably commands notice which reasonably informs a person that his legally-protected interest may be adversely affected. Any parent whose child is adjudged to occupy a legal status termed "deprived" must be judicially advised of those parental conduct norms which he is expected to follow or eschew to recapture a legally unencumbered standing as a parent... . Judicial notice cannot depend on inferences to be gathered from reports of social workers... . Judicial clarity in the prescribed norms of parental conduct is essential to the preservation of the procedural safeguards mandated by state and federal due process. A "fair warning" requirement breathes life into these fundamental-law guarantees, while lack of specificity makes them meaningless.
In its order adjudicating Appellant's children deprived, the trial court found there had been "problems with the children's supervision", and that the children's father had an alcohol problem. The trial court ordered the parents to have the children psychologically evaluated and counselled if indicated. The court also ordered the parents to "work with Mental Health", and to "cooperate and work with C-Cap". Finally, the court ordered the father to get inpatient alcohol treatment. The father's parental rental rights were terminated in a separate proceeding and are not in issue here.
The adjudication hearing transcript reflects the trial court informed Appellant from the bench the actions ordered were the "guidelines" she was to follow. Our review of the remainder of the record reveals no further court ordered or approved parental conduct norms. There are *40 several Department of Human Services Case Plans filed with the trial court. These plans are somewhat more specific, and are signed by Appellant, but were never adopted by the court as judicially ordered norms of conduct.
While the trial court ordered Appellant, in a very general way, to do certain things, the court did not specify what norms of conduct these actions were to affect. Broad concepts of parental unfitness do not provide a factual basis for conduct modification. Matter of C.G., 637 P.2d at 69. Assuming Appellant was put on notice of deficiencies in her ability to supervise her children, the trial court failed to positively inform Appellant what norm of supervision would be acceptable. One must be put on notice of those specific conditions which the law requires to be changed.
In its application for termination of parental rights, the State alleged Appellant had not corrected the adjudicatory conditions for which she was purportedly responsible. The State contended Appellant "still has problems properly supervising and protecting the children".
The State's contention goes beyond the findings and judgment in the adjudicative order because there was neither a finding, nor parental conduct norm established, concerning protection of the children. Further, the question of protection pertained to allegations of physical abuse by the children's father and older brother, both of whom had been removed from Appellant's home. There was no allegation of physical abuse by Appellant. There is no contention in the application for termination that Appellant had failed to comply with the actions actually ordered by the court.
The application to terminate does not specify the statutory authority upon which it relies. See, Matter of L.S., 805 P.2d 120 (Okla. App. 1990). It is nonetheless clear from the language of the application the authority is 10 O.S. 1987 Supp. § 1130(A)(3). That section requires a trial court finding, among other things, that the parent has failed to show the condition which led to the deprived finding has been corrected.
In its termination order, the trial court also did not specify the authority upon which it relied, but it did make findings consistent with § 1130(A)(3), including a determination that "the adjudicatory conditions were not corrected". However, the trial court does not identify what those adjudicatory conditions were.
Termination can be sanctioned only on a finding that Appellant failed to correct the very conditions which led to the deprived adjudication. Matter of A.D.B., 818 P.2d 483 (Okla. 1991). In the absence of a clear statement by the trial court as to what those conditions were, either in the adjudicative order or the termination order, we are effectively precluded from determining if the trial court acted properly in terminating Appellant's parental rights.
The order of the trial court terminating Appellant's parental rights is REVERSED and this matter is REMANDED to the trial court for further action consistent with this opinion.
Appellant's request for visitation rights with her children and for attorney's fees under 20 O.S. 1991 § 1304(b)(8) should be addressed to the trial court.
HUNTER, J., and BAILEY, P.J., concur.