50 P.3d 1160 (2002)
2002 OK CIV APP 75
In the Matter of M.D.R., Deprived Child, Lisa Reagan, Respondent/Appellant,
v.
The STATE of Oklahoma, Petitioner/Appellee.
No. 96,013.
Court of Civil Appeals of Oklahoma, Division No. 3.
June 21, 2002.
Kristi K. Sanders, Bartlesville, OK, for Respondent/Appellant.
Teressa H. Williams, Assistant District Attorney, Bartlesville, OK, for Petitioner/Appellee.
Released for Publication by Order of the Court of Civil Appeals of Oklahoma, Division No. 3.
Opinion by BAY MITCHELL, Judge.
¶ 1 Lisa Reagan, Respondent/Appellant, appeals an order terminating her parental rights. The order was entered by the trial court based on a unanimous jury verdict. The ground for termination recited in the order was that "Appellant has failed to correct the conditions" and that termination "is in the best interests of [the] child."
¶ 2 In 1997, the State first filed a petition seeking to have the child found deprived. *1161 That petition alleged, and it was subsequently found, the child had been sexually molested by her uncle, grandfather and another, had witnessed domestic violence in the home, had been cared for (while Appellant was incarcerated) by the step-father who abused alcohol, and had been physically abused for speaking to Department of Human Services (DHS) workers. Appellant did not dispute these allegations. A service plan was adopted by the court which required Appellant to correct the conditions which led to the adjudication of deprived. The care and custody of M.D.R. was placed with DHS.
¶ 3 The State subsequently amended the "deprived" petition adding that the grandfather had continued to bring alcohol into Appellant's home since the adjudication, that M.D.R. had been counseled to lie to DHS workers about alcohol in the home, that step-father had overdosed on drugs and alcohol and was increasingly violent, that Appellant had indicated she would leave step-father and divorce him, but was living with him again since the adjudication. The mother again did not dispute these allegations. An amended adjudication order was entered requiring Appellant to correct the conditions.
¶ 4 Appellant substantially complied with the service plan adopted by the trial court and the child was returned to her home. However, approximately two months later, the child was again removed from Appellant's home due to allegations of contact between the child and one of her former sexual abusers. The State filed a motion for termination of Appellant's parental rights. The motion asserted Appellant had failed to protect the child from abuse and neglect. The motion also alleged that Appellant had been given in excess of 90 days to correct a condition which led to M.D.R. being adjudicated as deprived and had failed to correct the condition. Because one of the child's parents was a member of the Osage Tribe, that tribe was given notice of the pendency of the motion to terminate the parental rights and allowed the opportunity to intervene. When the trial was set, the tribe was given notice of the date and time of the jury trial and again given the opportunity to intervene. There is no evidence in the record of the tribe having done so.
¶ 5 Following a jury trial the court entered judgment on the verdict. Appellant appeals and contends as error: The Order terminating her parental rights does not refer to specific statutory grounds for termination; the State's expert witness was not a properly qualified expert under the Indian Child Welfare Act; the Order contains no finding of compliance with the Indian Child Welfare Act; and the State failed to prove beyond a reasonable doubt that Appellant had failed to correct the conditions which led the child to being adjudicated deprived.
¶ 6 The statutory grounds for terminating a parent's parental rights are found at 10 O.S.2001 § 7006-1.1. Ordinarily, the State's obligation is to prove one or more of these grounds by "clear and convincing" evidence. However, where, as here, the Indian Child Welfare Act is involved[1] the State must prove "beyond a reasonable doubt" that continued custody by the parent is likely to result in serious damage to the child. 25 U.S.C.1912(f); Matter of J.W., 1987 OK CIV APP 60, 742 P.2d 1171, 1175. Our review of factual issues is no different than on any appeal from a judgment on jury verdict; where there is competent evidence reasonably tending to support the verdict the judgment thereon will not be disturbed on appeal. Matter of T.R.W., 1985 OK 99, 722 P.2d 1197, 1200. Legal errors, of course, are reviewed de novo.
¶ 7 Appellant first contends that the order terminating her parental rights does not contain "statutorily mandated predicatory findings." She relies on Matter of L.S., 1990 OK CIV APP 94, 805 P.2d 120 and Matter of E.M., 1999 OK CIV APP 32, 976 P.2d 1098. Both cases were reversed and remanded because the termination orders failed to identify the specific statutory basis relied on, did not contain the specific findings required by that statutory provision and did not identify what conditions Appellant failed to correct which led to the adjudication order. See also, Matter of B.M.O., 1992 OK CIV APP 89, 838 P.2d 38, 40.
*1162 ¶ 8 Such is the situation in the instant case. The termination order merely states that Appellant "has failed to correct the conditions" and that termination of Appellant's rights "is in the best interests of said child". The specific statutory basis is not identified, necessary statutory findings are absent and the "conditions" are not identified. Although there appears to be evidence supportive of certain underlying facts in this case, the order appealed is fundamentally deficient and must be vacated.
¶ 9 A related allegation of error is that the termination order also lacks a finding of compliance with the Indian Child Welfare Act as required by Rule 8.2, Rules for District Courts of Oklahoma, 12 O.S. Supp. Ch. 2, App. 1.[2] This is mandatory, not optional. Being mandatory, this oversight also requires the termination order be vacated.
¶ 10 The order terminating Appellant's parental rights is vacated and this matter is remanded to the trial court, not for a new trial, but with instructions for the trial court to enter a proper final order correcting the deficiencies described herein. It is unnecessary to address Appellant's remaining allegations of error at this time.
¶ 11 VACATED AND REMANDED WITH INSTRUCTIONS.
HANSEN, P.J., and ADAMS, J., concur.
NOTES
[1] The Appellant and her child are members of the Osage tribe.
[2] "All decrees of adoption, divorce or separate maintenance where custody of a minor Indian child or children is given to a third party, all orders of adjudication in juvenile proceedings, termination of parental rights and all final orders in Habeas Corpus and guardianship of the person proceedings resulting in the adjudication of status, custody or wardship of minor children, shall contain a finding of compliance with 25 U.S.C.A.1901 et seq. (Indian Child Welfare Act of 1978), . . ."