82 P.3d 123 (2003)
2003 OK CIV APP 107
In the Matter of C.T., a Deprived Child.
State of Oklahoma, ex rel. Department of Human Services, Plaintiff/Appellee,
v.
Sheri Tolson, Defendant/Appellant.
No. 99,316.
Court of Civil Appeals of Oklahoma, Division No. 3.
November 21, 2003.
Sam C. (Van) Bingaman, III, Chickasha, OK, for Appellant.
Robert W. Beal, Assistant District Attorney, Chickasha, OK, for Appellee.
April Chasteen, David K. Ratcliff, Ivy, Ratcliff & Chasteen, Chickasha, OK, for Minor Child.
Released for Publication by Order of the Court of Civil Appeals of Oklahoma, Division No. 3.
Opinion by LARRY JOPLIN, Chief Judge.
¶ 1 Appellant Sheri Tolson (Mother) seeks review of the trial court's order entering judgment on a jury's verdict to terminate Mother's parental rights in and to her minor child, C.T. (Child), on the petition of the Appellee State of Oklahoma, by and through the Department of Human Services (DHS). In this appeal, Mother challenges the jury's general verdict as violative of her constitutional and statutory right to jury trial. Finding no error as alleged, however, we hold the order of the trial court should be affirmed.
¶ 2 Child was born in January 2001. Apparently premature at birth, Child was determined to be "medically needy" and was taken into DHS custody due to Mother's lack of a home with working utilities, necessary for Child's medical care. Child was adjudicated deprived by stipulation in March 2001, and Mother agreed to abide by a service plan requiring her, inter alia, to exercise regular visitation with Child, and to obtain and maintain a home with working utilities.
¶ 3 In April 2002, DHS filed a petition to terminate Mother's parental rights on allegations of her failure to correct conditions (by obtaining a suitable home), 10 O.S. Supp.1998 *124 §§ 7006-1.1(A)(5),[1] and failure to maintain a relationship with Child for six months preceding the filing of the petition. 10 O.S. 7006-1.1(A)(2)(c).[2] On consideration of the evidence, the jury returned a general verdict recommending termination of Mother's parental rights.
¶ 4 In this appeal, Mother asserts the general verdict of the jury violates her constitutional right to jury trial for lack of specifically stated findings of fact by the jury on any statutory ground for termination of her parental rights, citing In re M.D.R., 2002 OK CIV APP 75, 50 P.3d 1160. There, the Court of Civil Appeals held:
The termination order merely states that Appellant "has failed to correct the conditions" and that termination of Appellant's rights "is in the best interests of said child." The specific statutory basis is not identified, necessary statutory findings are absent and the "conditions" are not identified. Although there appears to be evidence supportive of certain underlying facts in this case, the order appealed is fundamentally deficient and must be vacated.
....
The order terminating Appellant's parental rights is vacated and this matter is remanded to the trial court, not for a new trial, but with instructions for the trial court to enter a proper final order correcting the deficiencies described herein..... M.D.R., 2002 OK CIV APP 75, ¶¶ 8, 10, 50 P.3d 1160, 1162. On this authority, Mother asserts the jury as fact-finder should be required to make specific factual findings on all the statutory requisites for termination of her parental rights.
¶ 5 In this respect, however, the Oklahoma Constitution directs:
In all jury trials the jury shall return a general verdict, and no law in force nor any law hereafter enacted, shall require the court to direct the jury to make findings of particular questions of fact, but the court may, in its discretion, direct such special findings.
Okl. Const., Art. VII, § 15. Mother cites, and we find, no authority requiring a jury in parental-rights-termination actions to enter specific findings on each statutory ground for termination.
¶ 6 In the present case, Mother does not dispute she was informed at the adjudicatory stage of these proceedings of the conditions in need of correction, and the necessity to maintain a relationship with child, as well as the consequences of her failure in these respects. State's petition to terminate set out the alleged statutory grounds for termination of Mother's parental rights that we have quoted. Mother appeared and presented evidence and testimony in defense to State's allegations. The jury was well-instructed on the requisites for termination of Mother's parental rights under the cited statutory provisions, *125 and Mother made no request for specific findings and conclusions by the jury. There is competent evidence in the record to support a determination of all the requisites under either/both § 7006-1.1(A)(2)(c) or/and § 7006-1.1(A)(5) for termination of Mother's parental rights. The trial court's journal entry of judgment pursuant to the jury's verdict identifies the conditions in need of correction, the factual determination of Mother's failure to either correct the condition, or to maintain a relationship with Child as she was ordered, and the specific statutory bases for termination, and the trial court's journal entry of judgment is not flawed as was the case in M.D.R.
¶ 7 We find the general jury verdict, and judgment thereon, free of legal error and supported by competent evidence. The order of the trial court is therefore AFFIRMED.
ADAMS, P.J., and BUETTNER, J., concur.
NOTES
[1] "[A] court may terminate the rights of a parent to a child in the following situations; provided, however, the paramount consideration in proceedings concerning termination of parental rights shall be the health, safety or welfare and best interests of the child:.... A finding that: a. the child has been adjudicated to be deprived, and b. such condition is caused by or contributed to by acts or omissions of the parent, and c. termination of parental rights is in the best interests of the child, and d. the parent has failed to show that the condition which led to the adjudication of a child deprived has been corrected although the parent has been given not less than the time specified by Section 7003-5.5 of this title to correct the condition;...."
[2] "[A] court may terminate the rights of a parent to a child in the following situations; provided, however, the paramount consideration in proceedings concerning termination of parental rights shall be the health, safety or welfare and best interests of the child:.... A finding that a parent who is entitled to custody of the child has abandoned the child. For purposes of this paragraph the term `abandonment' includes, but is not limited to, the following: .... the parent fails to establish and/or maintain a substantial and positive relationship with the child for a period of six (6) consecutive months out of the last fourteen (14) months immediately preceding the filing of a petition for termination of parental rights. For purposes of this paragraph, `establish and/or maintain a substantial and positive relationship' includes, but is not limited to: (1) frequent and regular contact with the minor through frequent and regular visitation and/or frequent and regular communication to or with the child, and (2) the exercise of parental rights and responsibilities. Incidental or token visits or communications shall not be sufficient to establish and/or maintain a substantial and positive relationship with the child;...."