91 P.3d 682 (2004)
2004 OK CIV APP 50
In the Matter of W.A., An Alleged Deprived Child.
State of Oklahoma, ex rel., Department of Human Services, Petitioner/Appellee,
v.
Carol Hushelpeck, Respondent/Appellant.
No. 100,032.
Court of Civil Appeals of Oklahoma, Division No. 3.
April 30, 2004.
Carrie Griffith, Siloam Springs, AR, for Petitioner/Appellee.
Nicholas P. Lelecas, Jay, OK, for Respondent/Appellant.
Released for Publication by Order of the Court of Civil Appeals of Oklahoma, Division No. 3.
Opinion by BAY MITCHELL, Presiding Judge.
¶ 1 Carol Hushelpeck (Mother) appeals an order terminating her parental rights to her son, W.A. The case was tried to a jury resulting in a unanimous verdict that her parental rights should be terminated. Deficiencies in the termination order, however, require that it be vacated.
¶ 2 W.A. was born on October 22, 2000. A "deprived" petition was filed in January, 2003. Mother stipulated to the allegations therein and W.A. was adjudicated deprived in March, 2003. The next month a dispositional order was entered adopting the treatment plan recommended by the Department of Human Services (DHS).[1] The petition to terminate Mother's parental rights *683 was filed August 1, 2003. The statutory ground alleged for termination was Mother's failure to correct the conditions which led to the child's adjudication (10 O.S.2001 § 7006-1.1(A)(5)). It was alleged that the termination would be in W.A.'s best interests.
¶ 3 As noted above, the jury found Mother's parental rights should be terminated. The jury made no findings, nor did the verdict form require any. The judgment on jury verdict made no additional findings and merely ordered Mother's parental rights terminated.
¶ 4 On appeal, Mother contends the termination order is fundamentally deficient because it lacks statutorily required findings. She also contends termination is not supported by clear and convincing evidence and that the child's rights were violated by the trial court allowing child's attorney to be elsewhere during the reading of jury instructions and closing arguments. We review factual findings by the clear-and-convincing-evidence standard. Matter of S.B.C., 2002 OK 83, ¶ 7, 64 P.3d 1080. Legal errors, of course, are reviewed de novo.
¶ 5 On the first proposition, Mother is correct. Division 3 addressed this issue most recently in Matter of M.D.R., 2002 OK CIV APP 75, 50 P.3d 1160. It held, consistent with previous decisions,[2] that an order terminating parental rights must "identify the specific statutory basis relied on" and must "contain the specific findings required by that statutory provision." Id. at ¶ 7, 50 P.3d at 1161. The Journal Entry of Judgment here is completely lacking in that regard. In the absence of the required findings, "we are effectively precluded from determining if the trial court acted properly in terminating ... parental rights." Matter of E.M., 1999 OK CIV APP 32, ¶ 13, 976 P.2d 1098, 1102 (quoting from Matter of B.M.O., 1992 OK CIV APP 89, ¶ 10, 838 P.2d 38, 40).
¶ 6 The order terminating Mother's parental rights is vacated and this matter is remanded to the trial court for further action consistent with this opinion. It is unnecessary to address Mother's remaining allegations of error.
¶ 7 VACATED AND REMANDED.
HANSEN, J., and JOPLIN, J., concur.
NOTES
[1] The treatment plan required Mother to: maintain adequate housing and utilities on a monthly basis; maintain regular employment; locate, enroll, and complete age-appropriate parenting classes; sign all release of information forms in order for DHS to monitor progress; pay child support as ordered by the court; continue taking medication for depression; continue counseling services to monitor chronic depression; visit with the child as ordered by the court or to develop a visitation schedule with the child welfare worker assigned to the case; sign releases of information to enable DHS to exchange information with providers of services and/or treatment to the family; initiate and maintain contact with the child welfare worker assigned to the case a minimum of one time per month or as ordered by the court; and, attend and participate in any scheduled permanency planning review.
[2] Those previous decisions are Matter of L.S., 1990 OK CIV APP 94, 805 P.2d 120; Matter of E.M., 1999 OK CIV APP 32, 976 P.2d 1098; and Matter of B.M.O., 1992 OK CIV APP 89, 838 P.2d 38.