232 P.3d 927 (2010)
2010 OK CIV APP 41
In the Matter of Children M.B., JR. and M.B.
Amy Burnside, Natural Mother, Appellant,
v.
State of Oklahoma, Appellee.
No. 107,618. Released for Publication by Order of the Court of Civil Appeals of Oklahoma, Division No. 3.
Court of Civil Appeals of Oklahoma, Division No. 3.
March 12, 2010.
*929 Russ Braden Haskins, Shawnee, OK, for Appellant.
Leann Paczkowski, Assistant District Attorney, Shawnee, OK, for Appellee.
Traci L. Soderstrom, Law Office of Traci L. Soderstrom, P.C., Midwest City, OK, for Minor Children.
ROBERT DICK BELL, Vice-Chief Judge.
¶ 1 Appellant, Amy Burnside (Mother), appeals an order of the trial court terminating her parental rights to her two children, M.B., Jr., born June 24, 1993, and M.B., born February 25, 1992. Mother was the non-custodial parent of the children and lived in Coshocton, Ohio. The parental rights of the natural father and custodial parent, Michael Burnside, Sr. (Father), were also terminated. Father does not appeal the termination of his parental rights. The clear and convincing evidence supports the trial court's determination that Mother failed to correct the conditions which led to the deprived child adjudication within the statutory time frame and the children's best interests would be served by terminating Mother's parental rights. However, the trial court's order lacks the requisite citation to the statutory authority for the termination and a finding that the termination is in the children's best interests. Accordingly, the order is vacated and remanded to the trial court with instructions to correct the deficiencies described herein.
¶ 2 On April 4, 2007, the State of Oklahoma (State) filed a petition alleging the children were deprived because they were not receiving proper parental care and guardianship. State specifically alleged Father physically abused M.B., Jr., and exposed both children to substance abuse. Mother and Father stipulated to the deprived petition. The court entered an order adjudicating the children to be deprived due to abuse or neglect and the children were made wards of the court. This was the second time the children were made wards of the court; they had been placed in foster care in 2003. An individualized service plan (ISP) was implemented by the trial court. The ISP required Mother to maintain a legal verifiable source of income and appropriate housing for her children. She was ordered to complete a substance abuse assessment and attend a domestic violence inventory. Mother was also directed to enroll in parenting classes, to build and maintain relationships with her children in Oklahoma and to pay a minimum amount of child support.
¶ 3 On April 9, 2009, the children filed a petition to terminate Mother's parental rights. State joined in the petition. The petition sought to terminate Mother's parental rights pursuant to 10 O.S.2001 § 7006-1.1(A)(2)[1] for abandonment; § 7006-1.1(A)(5) for failure to correct the conditions which led to the deprived child adjudication after being permitted a period of time not less than three months to do so; and § 7006-1.1(A)(7) because Mother willfully failed, refused or neglected to contribute to the children's support according to her financial ability for a period of twelve months out of the last fourteen months immediately preceding the filing of the motion. The petition further alleged Mother's parental rights should be terminated pursuant to § 7006-1.1(A)(13) due to Mother's mental illness or mental deficiency which renders her incapable of adequately and appropriately exercising her parental rights; and § 7006-1.1(A)(15) because the children have been in foster care for fifteen of the twenty-two months preceding the filing of the termination petition. The petition also alleged the children's best interests would be served by terminating Mother's parental rights. Mother waived her right to a jury trial.
¶ 4 At the non-jury trial, a DHS permanency planning case worker, the children's foster mother, and the children, M.B. and M.B. Jr., testified on the children's behalf. *930 Mother appeared and testified at trial. After considering the evidence, the trial court entered an order terminating Mother's parental rights. The succinct order found Mother completed certain tasks required in the dispositional order, but she failed to correct the conditions which led to the adjudication after being allowed well in excess of ninety days to do so. The trial court's order did not cite any statutory authority for the termination nor did it state that it was in the children's best interests to terminate Mother's parental rights. Mother now appeals from that order. This Court's standard of review upon the appeal of a judgment terminating parental rights is to determine whether the trial court's findings are supported by clear and convincing evidence. In re S.B.C., 2002 OK 83, ¶ 7, 64 P.3d 1080, 1083.
¶ 5 Mother contends the trial court erred in relying on Mother's non-compliance with the treatment plan as the basis to terminate her parental rights because the treatment plan was not reasonably designed to correct the conditions that led to the deprived children adjudication (i.e. Father's abuse and drug use). Initially, we reject Mother's assertion that the treatment plan was not designed to correct the condition of the deprived children adjudication as to Mother. The treatment plan's requisites that Mother secure appropriate housing and a verifiable income and that she maintain a positive relationship with the children were integral components of Mother's deficiencies in the deprived children adjudication.
¶ 6 In any event, the clear and convincing evidence demonstrated Mother failed to secure a legally verifiable source of income even though she was given ample time to do so. Mother testified her income was comprised of general assistance in the amount of $115.00 per month, food stamps and a student loan for an on-line degree. Mother claimed she could support her two teenage children with the student loan proceeds, but she was unable to verify or confirm the amount of the student loan, the amount needed for tuition and books or the repayment terms. Mother testified she last held a full-time job in 2001. She claimed she was unable to work because she sustained an injury to her ankle last year and she suffers from bipolar disorder and asthma.
¶ 7 The evidence also showed Mother failed to secure the means to provide the children with appropriate housing. Since the inception of the deprived children proceeding, Mother has lived in the same state assistance two-bedroom apartment. She shares the apartment with her boyfriend and receives a $43.00 subsidy for utilities. The evidence also supported the finding that Mother was unwilling to take the necessary steps to establish and build a relationship with the children or to support the children. Mother testified she would not consider relocating to Oklahoma to get to know her kids because she had an established household and doctors in Ohio. Mother stated she did not exercise face-to-face visitation with the children from 2000-2002. In 2003, she claimed she had one day of face-to-face visitation. She admitted to having little visitation with the children from 2005-2007. During 2008 and 2009, Mother only had face-to-face contact with the children in the courtroom.
¶ 8 Mother stated she frequently sent the children holiday and birthday greeting cards and that she called the children when she had a phone. The children contradicted Mother's assertion that she frequently communicated with them. Mother conceded she did not know the names of the children's best friends. After reviewing the record, we find the clear and convincing evidence demonstrated that Mother failed to correct the conditions which led to the deprived children adjudication within the statutory time frame.
¶ 9 The clear and convincing evidence also demonstrated the children's best interests would be served by terminating Mother's parental rights. The children expressly refused to be placed with or to visit Mother in Ohio. The children have not lived with Mother for over ten (10) years and neither desired a relationship with Mother. The children testified they desire to remain in their current placement because they are involved in school activities, they have made friends at school and they desire to graduate from Harrah High School. They also expressed their need for permanency to pursue *931 their future goals for higher education and careers in Oklahoma. It is clear from the evidence the children's need for permanency and stability are paramount concerns for their emotional and physical well-being. Based on the foregoing, we find it would be in the children's best interest to terminate Mother's parental rights.
¶ 10 Mother next contends the trial court's order is defective because it failed to make a finding of the conditions she failed to correct, a recitation to the specific statutory basis for the termination, and a finding that the termination was in the best interests of the children. We reject Mother's claim that the trial court's order must precisely detail each of the conditions that was not corrected. No Oklahoma Supreme Court case mandates such detail. In any event, Mother was provided with sufficient notice of the specific conditions that she was required to correct in the court approved ISP. We hold the ISP constituted sufficient notice of the conditions that required correcting to satisfy due process. But see Matter of B.M.O., 1992 OK CIV APP 89, 838 P.2d 38.
¶ 11 We do find merit to Mother's argument that the trial court's order is deficient because it failed to find the termination was in the children's best interests. Bingham v. Bingham, 1981 OK CIV APP 26, ¶ 13, 629 P.2d 1297, 1300. However, because clear and convincing evidence supports the trial court's determination to terminate Mother's parental rights, we vacate the trial court's order and remand this matter to the trial court for the sole purpose of securing a proper order. On remand, the trial court is instructed to enter an order correcting these deficiencies and terminating Mother's parental rights.
¶ 12 VACATED AND REMANDED WITH INSTRUCTIONS.
JOPLIN, P.J., and MITCHELL, J., concur.
NOTES
[1] Effective May 21, 2009, 10 O.S.2001 § 7006-1.1 was re-codified and renumbered as 10A O.S. Supp.2009 § 1-4-904.