OSCN Found Document:IN RE AMENDMENTS TO THE OKLAHOMA UNIFORM JURY INSTRUCTIONS FOR JUVENILE CASES

 

 
 

 
 IN RE AMENDMENTS TO THE OKLAHOMA UNIFORM JURY INSTRUCTIONS FOR JUVENILE CASES
2018 OK 10
Decided: 01/30/2018
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2018 OK 10, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

IN RE: AMENDMENTS TO THE OKLAHOMA UNIFORM JURY INSTRUCTIONS FOR JUVENILE CASES
ORDER ADOPTING REVISED
OKLAHOMA UNIFORM JURY INSTRUCTIONS
AND VERDICT FORMS FOR JUVENILE CASES 
Â¶1 The Court has reviewed the recommendations of the Oklahoma Supreme Court Committee for Uniform Jury Instructions for Juvenile Cases to adopt proposed amendments to existing jury instructions and to add a new jury instruction codified as Instruction No. 3.19A. The Court finds that the revisions to the OUJI-JUV Instructions, Statutory Authority, Committee Comments, and Notes on Use should be adopted.
Â¶2 It is therefore ordered, adjudged and decreed that the instructions shall be available for access via the Internet from the Court website at www.oscn.net and provided to West Publishing Company for publication. The Administrative Office of the Courts should notify the Judges of the District Courts of the State of Oklahoma regarding our adoption of the instructions set forth herein. Further, the District Courts of the State of Oklahoma are directed to implement these instructions effective January 30, 2018.
Â¶3 It is therefore ordered, adjudged, and decreed that the proposed amendments to OUJI-JUV Nos. 2.7, 2.7A, 3.4, 3.6, 3.11, 3.13, 3.14, 3.19 and 3.23, their Statutory Authority, Committee Comments, and Notes on Use, and the new proposed Instruction, OUJI-JUV No. 3.19A, its Statutory Authority, and Notes on Use, as set out and attached to this Order, are hereby adopted. The Court authorizes the attached OUJI-JUV instructions to be published.
Â¶4 The Court declines to relinquish its constitutional and statutory authority to review the legal correctness of these authorized instructions or verdict forms when it is called upon to afford corrective relief.
Â¶5 The amended OUJI-JUV instructions shall be effective January 30, 2018.
DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THE 29th DAY OF JANUARY, 2018.
/S/CHIEF JUSTICE
Combs, C.J., Gurich, V.C.J., Kauger, Edmondson, Colbert, Reif, and Wyrick, JJ., concur.
Winchester, J., not voting.

Juvenile Instruction No. 2.7
Instructions for Verdict Forms
[Use for cases where only one ground for termination is alleged.] If you find that the State has proved by clear and convincing evidence that the parental rights of the parent, [NAME], to the child, [NAME], should be terminated on the statutory ground that [Set forth ground for termination -- E.g., the rights of the parent to another child have been terminated, and the conditions that led to the prior termination of parental rights have not been corrected], you should sign and return the verdict form entitled Terminate Parental Rights for that parent and that child. Otherwise, you should sign and return the verdict form entitled Do Not Terminate Parental Rights for that parent and that child.
OR
[Use for cases where multiple grounds for termination are alleged.] If you find that the State has proved by clear and convincing evidence that the parental rights of the parent, [NAME], to the child, [NAME], should be terminated on one or more statutory grounds, you should sign and return the verdict form entitled Terminate Parental Rights for every such statutory ground for that parent and that child. It is not necessary that the same five people sign each verdict form. If you find that the State has not proved by clear and convincing evidence that the parental rights of the parent, [NAME], to the child, [NAME], should be terminated on any statutory ground, you should sign and return the verdict form entitled Do Not Terminate Parental Rights for that parent and that child.
Notify the Bailiff when you have arrived at a verdict so that you may return it in open court. 
Notes on Use
If the petition or motion for termination of parental rights was filed by the child's attorney, rather than the district attorney, under 10A O.S.Supp.2014 Â§ 1-4-901(A), this Instruction should be modified accordingly. If any of the alleged grounds for termination is the failure of the parent to correct a condition that led to the deprived adjudication of the child, Juvenile Instruction No. 2.7A should be used instead of or in addition to this Instruction, along with the verdict form in Juvenile Instruction No. 2.8A. 
Committee Comments
Okla. Const. art. VII, Â§ 15 provides that "no law . . . shall require the court to direct the jury to make findings of particular questions of fact." The Oklahoma Supreme Court addressed the application of Okla. Const. art. VII, Â§ 15 to Oklahoma's comparative negligence statutes in Smith v. Gizzi, 1977 OK 91, 564 P.2d 1009. The Supreme Court held that the comparative negligence statutes did not violate art. VII, Â§ 15, because they did not require a special verdict. The Supreme Court reasoned that under a general verdict, the jury must know the effect of its answers to special findings, and that if the jury did not know the effect of its answers, the verdict would be a special verdict that would violate Okla. Const. art. VII, Â§ 15. 1977 OK 91, Â¶Â¶ 11-12, 564 P.2d 1009, 1012-13. Under Smith v. Gizzi, a verdict that specified the grounds for termination of parental rights, would be constitutional as long as the jury knew the effect of its answers to special findings regarding the specific grounds for termination. A number of Oklahoma Court of Civil Appeals cases have decided that it is necessary for the trial judge to specify the grounds for termination of parental rights in the journal entry of judgment in order to facilitate appellate review. See In re C.T., 2003 OK CIV APP 107, Â¶ 6, 82 P.3d 123, 125; Bales v. State ex rel. Dep't of Human Services, 1999 OK CIV APP 96, Â¶ 8, 990 P.2d 309, 311. See also Matter of S.B.C., 2002 OK 83, Â¶ 7, 64 P.3d 1080, 1083 (appellate court must find clear and convincing proof of grounds for termination of parental rights to affirm). Having the jury specify in its verdict the grounds it finds for termination of parental rights will facilitate the trial judge's preparation of the journal entry of judgment. 
There is also a line of Oklahoma Court of Civil Appeals cases that have decided that when termination is ordered under 10 O.S. Supp. 2014, Â§ 1-4-904(5) on the ground of failure to correct a condition that led to the deprived adjudication of the child the jury instruction and verdict forms must specify each condition that the parent failed to correct. See In re B.W., 2012 OK CIV APP 104, Â¶ 37, 293 P.3d 986, 996; In re T.J., 2012 OK CIV APP 86, Â¶ 48, 286 P.3d 659, 72; In re R.A., 2012 OK CIV APP 65, Â¶ 17, 280 P.3d 366, 372. See also In re A.F.K., 2014 OK CIV APP 6, Â¶ 7 & n.5, 317 P.3d 221, 225 (commending trial court for providing verdict forms that included lines for checkmarks for the jury to identify each condition that the parent failed to correct); In re J.K.T., 2013 OK CIV APP 70, Â¶ 4 & n.3, 308 P.3d 183, 185 (affirming termination order where verdict form included lines for checkmarks that the jury used to identify each condition that the parent failed to correct). But see In re L.S., 2013 OK CIV APP 21, Â¶ 10, 298 P.3d 544, 547 (affirming termination order neither the verdict nor order listed the conditions that the parent failed to correct but the jury instructions listed the conditions). The Committee recommends that in cases where termination is sought on the ground of failure of the parent to correct conditions, the trial court should provide verdict forms that include lines for checkmarks for the jury to use to identify each condition that the parent failed to correct. 
___________________________________
Juvenile Instruction No. 2.7A
Instructions for Verdict Forms for Failure to Correct Conditions
If you find that the State has proved by clear and convincing evidence that the parental rights of the parent to the child should be terminated on the statutory ground that the parent has failed to correct one or more conditions that led to the finding that the child was deprived after the parent had been given at least three (3) months to correct the conditions, you must indicate this finding by putting a check mark on the line next to each uncorrected condition on the verdict form entitled Terminate Parental Rights for that parent and that child given to you, and then sign and return the verdict form. Otherwise, you should sign and return the verdict form entitled Do Not Terminate Parental Rights for that parent and that child.
Notify the Bailiff when you have arrived at a verdict so that you may return it in open court. 
Notes on Use
This Instruction should be used if any of the alleged grounds for termination is the failure of the parent to correct a condition that led to the deprived adjudication of the child. The trial judge should prepare a verdict form that identifies one or more conditions that the parent is alleged to have failed to correct and directs the jury to check the applicable condition or conditions that the parent failed to correct. An example of such a verdict form for failure to correct one or more conditions is found at Juvenile Instruction No. 2.8A, infra. 
Committee Comments
See Committee Comments to Juvenile Instruction No. 2.7, supra. The Oklahoma Supreme Court held in In re T.T.S., 2015 OK 36, 373 P.3d 1022, that the jury instructions, verdict forms, and the final journal entry of judgment in termination actions for failure to correct conditions which led to the deprived adjudication of a child must "identify, with particularity, those conditions which a parent failed to correct." Id. Â¶ 20, 373 P.3d at 1030 (emphasis in original). Prior to the T.T.S. case, there had been a split of authority among the different divisions of the Oklahoma Court of Civil of Appeals over whether it was necessary to specify the conditions that a parent failed to correct. Id. Â¶ 13, 373 P.3d at 1027 ("This issue has been resolved inconsistently by several panels of COCA.").
___________________________________
Juvenile Instruction No. 3.4
Failure to Correct Conditions
The State seeks to terminate the parent's rights on the basis of failure to correct the condition/conditions that led to the finding that a child is deprived. The State alleges that the following condition/conditions has/have not been corrected:
a. [Specify condition, e.g., exposure to substance abuse];
b. [Specify condition, e.g., exposure to domestic violence]; and
c. [Specify condition, e.g., failure to provide a safe and stable home].
In order to terminate parental rights on this basis, the State must prove by clear and convincing evidence each of the following elements:
1. The child has been adjudicated to be deprived;
2. The parent has failed to correct the condition/conditions that caused the child to be deprived;
3. The parent has had at least three months to correct the condition/conditions; and,
4. Termination of parental rights is in the best interests of the child.
___________________________________
Statutory Authority: 10A O.S.Supp. 20102016 Â§ 1-4-904(B)(5).
Notes on Use
The trial judge should give Juvenile Instruction No. 3.5, infra, along with this Instruction. 
Committee Comments
The Oklahoma Supreme Court held in In re T.T.S., 2015 OK 36, 373 P.3d 1022, that the jury instructions, verdict forms, and the final journal entry of judgment in termination actions for failure to correct conditions which led to the deprived adjudication of a child must "identify, with particularity, those conditions which a parent failed to correct." Id. Â¶ 20, 373 P.3d at 1030 (emphasis in original). Prior to the T.T.S. case, there had been a split of authority among the different divisions of the Oklahoma Court of Civil of Appeals over whether it was necessary to specify the conditions that a parent failed to correct. Id. Â¶ 13, 373 P.3d at 1027 ("This issue has been resolved inconsistently by several panels of COCA.").
___________________________________
Juvenile Instruction No. 3.6
Previous Termination of Rights to Another Child
The State seeks to terminate the parent's rights on the basis that a child has been born to a parent whose parental rights to another child have already been terminated before. In order to terminate parental rights on this basis, the State must prove by clear and convincing evidence each of the following elements:
1. The child has been adjudicated to be deprived;
2. The parent's parental rights to another child have been terminated before;
3. The conditions which led to the prior termination of parental rights have not been corrected; and,
4. Termination of parental rights is in the best interests of the child.
The State alleges that the following condition/conditions has/have not been corrected:
a. [Specify condition, e.g., exposure to substance abuse];
b. [Specify condition, e.g., exposure to domestic violence]; and
c. [Specify condition, e.g., failure to provide a safe and stable home].
___________________________________
Statutory Authority: 10A O.S.2011 Â§ 1-4-904(B)(6).
Notes on Use
The trial judge should modify the jury instruction in Juvenile Instruction No. 2.7A, supra, and the verdict form in Juvenile Instruction No. 2.8A, supra, to refer to the basis that a child has been born to a parent whose parental rights to another child have already been terminated before, instead of a failure to correct conditions, and give the modified versions of Juvenile Instruction Nos. 2.7A and 2.8A along with this Instruction. 
___________________________________
Juvenile Instruction No. 3.11
Definition of Heinous and Shocking Abuse
"Heinous and shocking abuse" includes, but is not limited to, aggravated physical abuse that results in serious bodily, mental, or emotional injury. "Serious bodily injury" means injury that involves:
a. a substantial risk of death,
b. extreme physical pain,
c. protracted disfigurement,
d. a loss or impairment of the function of a body member, organ, or mental faculty,
e. an injury to an internal or external organ or the body,
f. a bone fracture,
g. sexual abuse or sexual exploitation,
h. chronic abuse including, but not limited to, physical, emotional, or sexual abuse, or sexual exploitation which is repeated or continuing,
i. torture that includes, but is not limited to, inflicting, participating in or assisting in inflicting intense physical or emotional pain upon a child repeatedly over a period of time for the purpose of coercing or terrorizing a child or for the purpose of satisfying the craven, cruel, or prurient desires of the perpetrator or another person, or 
j. any other similar aggravated circumstance.
___________________________________
Statutory Authority: 10A O.S.Supp.20102016 Â§ 1-1-105(3133).
___________________________________
Juvenile Instruction No. 3.13
Definition of Neglect
"Neglect" means:
a. the failure or omission to provide any of the following:

(1) adequate nurturance and affection, food, clothing, shelter, sanitation, hygiene, or appropriate education,
(2) medical, dental, or behavioral health care,
(3) supervision or appropriate caretakers, or
(4) special care made necessary by the physical or mental condition of the child,
b. the failure or omission to protect a child from exposure to any of the following:
(1) the use, possession, sale, or manufacture of illegal drugs,
(2) illegal activities, or
(3) sexual acts or materials that are not age-appropriate, or
c. abandonment.

Neglect does not include the parent's selecting and depending upon spiritual means alone through prayer, in accordance with the tenets and practice of a recognized church or religious denomination, for the treatment or cure of disease or remedial care of a child.
___________________________________
Statutory Authority: 10A O.S.Supp.20102016 Â§ 1-1-105(46 47).
___________________________________
Juvenile Instruction No. 3.14
Definition of Heinous and Shocking Neglect
"Heinous and shocking neglect" includes, but is not limited to:
a. chronic neglect that includes, but is not limited to, a persistent pattern of family functioning in which the caregiver has not met or sustained the basic needs of a child which results in harm to the child,
b. neglect that has resulted in a diagnosis of the child as a failure to thrive,
c. an act or failure to act by a parent that results in the death or near death of a child or sibling, serious physical or emotional harm, sexual abuse, sexual exploitation, or presents an imminent risk of serious harm to a child, or
d. any other similar aggravating circumstance.
"Sexual abuse" includes, but is not limited to, rape, incest and lewd or indecent acts or proposals made to a child, as defined by law.
"Sexual exploitation" includes but is not limited to, allowing, permitting, or encouraging a child to engage in prostitution, as defined by law, by a person responsible for the health, safety, or welfare of a child, or allowing, permitting, encouraging, or engaging in the lewd, obscene, or pornographic, as defined by law, photographing, filming, or depicting of a child in those acts.
___________________________________
Statutory Authority: 10A O.S.Supp.20102016 Â§ 1-1-105(2)(b)-(c), (3234). 
___________________________________
Juvenile Instruction No. 3.19
Abuse Subsequent to Previous Abuse or Neglect
The State seeks to terminate the parent's rights on the basis of abuse subsequent to previous abuse/neglect of the child or a sibling of the child. In order to terminate parental rights on the basis of abuse subsequent to previous abuse/neglect, the State must prove by clear and convincing evidence each of the following elements:
1. The child has been adjudicated to be deprived;
2. The parent has previously abused/neglected the child or a sibling of the child or failed to protect the child or a sibling of the child from abuse/neglect that the parent knew or reasonably should have known of;
3. After the previous abuse/neglect, the parent has abused the child or a sibling of the child or failed to protect the child or a sibling of the child from abuse that the parent knew or reasonably should have known of; and,
4. Termination of parental rights is in the best interests of the child.
___________________________________
Statutory Authority: 10A O.S.Supp.20102016 Â§Â§ 1-4-904(B)(10), 1-1-105(2), 1-1-105(46).
Notes on Use
The trial court should select the appropriate definitions or parts of the definitions that are supported by the evidence.
___________________________________
Juvenile Instruction No. 3.19A
Definition of Failure to Protect
Failure to protect a child from abuse or neglect means the failure to take reasonable action to remedy or prevent child abuse or neglect. 
Failure to protect a child from abuse or neglect includes the conduct of a non-abusing parent/guardian who:
1. Knew the identity of the abuser/(person who neglected the child) but (lied about)/concealed/(failed to report) the child abuse/neglect; or
2. Otherwise failed to take reasonable action to end the abuse/neglect. 
___________________________________
Statutory Authority: 10A O.S.Supp.2016 Â§ 1-1-105(25). 
Notes on Use
The trial judge should give this Instruction along with Juvenile Instruction Nos. 3.11 and 3.14 through 3.19, when the State seeks to terminate the parent's rights on the basis of the parent's failure to protect the child from heinous and shocking abuse or neglect. 
___________________________________
Juvenile Instruction No. 3.23
Conditions from Previous Deprived Adjudication Have Occurred Again
The State seeks to terminate the parent's rights on the basis that the condition/conditions that led to a previous deprived adjudication of (the child)/(a sibling of the child) has/have occurred again. In order to terminate parental rights on this basis, the State must prove by clear and convincing evidence each of the following elements:
1. The child has been adjudicated to be deprived in this case;
2. There has been a previous deprived adjudication of (the child)/(a sibling of the child);
3. The condition/conditions that led to the deprived adjudication in this case was/were the subject of the previous deprived adjudication, and the parent was given an opportunity to correct the condition/conditions in the previous case; and,
4. Termination of parental rights is in the best interests of the child.
The State alleges that the following condition/conditions has/have not been corrected:
a. [Specify condition, e.g., exposure to substance abuse];
b. [Specify condition, e.g., exposure to domestic violence]; and
c. [Specify condition, e.g., failure to provide a safe and stable home].
___________________________________
Statutory Authority: 10A O.S.Supp.2016 Â§ 1-4-904(B)(14).
Notes on Use
The trial judge should modify the jury instruction in Juvenile Instruction No. 2.7A, supra, and the verdict form in Juvenile Instruction No. 2.8A, supra, to refer to the basis that the conditions which led to a previous deprived adjudication of the child have occurred again, instead of a failure to correct conditions, and give the modified versions of Juvenile Instruction Nos. 2.7A and 2.8A along with this Instruction. 
___________________________________