990 P.2d 309 (1999)
In the Matter of: F.B., P.B., C.B., W.B., B.B., and V.B., deprived juveniles,
Esther Bales, Appellant,
v.
State of Oklahoma, ex rel. Department of Human Services, Appellee.
No. 92217.
Court of Civil Appeals of Oklahoma, Division 1.
May 6, 1999.
Rehearing Denied June 3, 1999.
Certiorari Denied September 30, 1999.
Michael C. Trewitt, Ponca City, Oklahoma, For Appellant,
Elizabeth Carroll Hocker, Assistant District Attorney, Newkirk, Oklahoma, For Appellee.
Released for Publication by Order of the Court of Civil Appeals of Oklahoma, Division No. 1.
*310 ADAMS, Judge:
¶ 1 Appellant (Mother) seeks reversal of a trial court order, entered upon a jury verdict, which terminated her parental rights to the six children who are the subject of this action. Mother contends the trial court erred in admitting evidence of a child molestation conviction by a friend of Mother which occurred after the children were removed from her home by the Department of Human Services (DHS) pursuant to a trial court order. Mother also claims the termination order is not supported by sufficient evidence. Although the children were represented by counsel in the trial court and notice of this appeal and copies of the briefs appear to have been mailed to their attorney, no brief on their behalf has been filed in this appeal.
¶ 2 The children were adjudicated deprived based upon a petition which alleged that
[Mother] has failed to protect these children from an alleged child molester. [Mother] has been told on two (2) separate occassions [sic] to not allow her children to be around this man. She has failed to do this by allowing the children to stay in his home several times. The children slept in the same bed with him. She has also allowed him to buy these children school supplies and clothes.
The adjudication order makes no specific findings concerning the basis for the deprived finding. In the disposition order, the trial court adopted a "treatment plan" which included several requirements. The only *311 portions of the "treatment plan" which make any reference to protection of the children from sexual abuse required Mother to "seek individual counseling to address issues of child protection, sexual abuse, the role of the mother in the family, proper supervision of children and any other areas that the counselor deems necessary."
¶ 3 Approximately eighteen months later, the trial court adopted "Amended Termination Guidelines." Those guidelines refer to sexual abuse prevention only by requiring Mother to "attend counseling from a qualified therapist, regarding child sexual abuse with emphasis on learning about the effects and strategies for prevention." Six months later State filed its termination motion alleging only as grounds that Mother had failed to correct the conditions that led to the deprived finding.
¶ 4 During the jury trial, State produced evidence that Mother had not fully complied with various aspects of both court ordered "service plans." Mother herself testified that she had stopped the counseling because she thought it was not productive. In response to a question concerning whether she was aware that her friend, Mr. S., had been convicted of child molestation, Mother replied that she had learned of it on the day of trial, in essence confirming that Mr. S had been convicted. Although Mother's counsel had urged in a pre-trial motion that evidence of the conviction be excluded, no contemporaneous objection was made to this question, and it is not even challenged in this appeal.
¶ 5 Rather, Mother argues in this appeal that the trial court erred in admitting certified copies of the judgment and sentence by which Mr. S was convicted. According to Mother, because the conviction occurred after the children were removed from her custody, the evidence was not relevant to the issue presented, i.e. whether Mother knew Mr. S was a danger to her children when she allowed them to stay with him and be around him. We need not determine whether the trial court erred in admitting this evidence because the same essential information, i.e. Mr. S was a convicted child molester, was revealed to the jury by Mother's earlier testimony. Because other evidence of the same tenor was admitted without objection by Mother, any error in the admission of the judgment and sentence was harmless. Gaskins v. State, 1967 OK 49, 425 P.2d 979.
¶ 6 In her remaining proposition of error, Mother contends there was insufficient evidence to sustain the verdict. "In a termination proceeding tried to a jury, the verdict of the jury is conclusive as to all disputed facts, and where there is any competent evidence reasonably tending to support the verdict, we will not disturb the judgment based on that verdict." Matter of K.L.H., 1993 OK CIV APP 127, ¶ 22, 858 P.2d 1296, 1299.
¶ 7 In applying that standard of review, Mother contends that we may consider only the failure to complete those portions of the "service plan" which are shown to directly relate to the conditions which led to the deprived adjudication, citing In re L.G., 1993 OK CIV APP 162, 864 P.2d 1301. Because, according to Mother, the adjudication order contained no findings which demonstrated any basis for the deprived adjudication other than the facts alleged in the petition, we must examine the evidence to determine whether Mother had corrected the problem as it related to failure to protect the children from the alleged child molester. We agree.
¶ 8 Termination of parental rights may not be based solely on the failure to complete a "service plan." Unless some independent statutory grounds for termination appears, the inquiry must be focused on whether the parent has corrected the condition or conditions that led to the adjudication in the first place. Matter of J.M., 1993 OK CIV APP 121, 858 P.2d 118. Performing that task is extremely difficult where, as here, the adjudication order does not precisely identify the reasons for the adjudication. Because the adjudication order provides no grounds other than those alleged in the petition, we are confined to the condition alleged in the petition in determining whether there was sufficient evidence that Mother had not corrected the condition which led to her children being declared deprived.[1]
*312 ¶ 9 Because the children had not been in her custody for most of the time since the order, Mother could not demonstrate by consistent action that she was able to protect them from potential sexual abuse. Under those circumstances, the most effective way of determining whether the condition which led to the children being deprived, i.e., Mother's failure to recognize the danger to her children of sexual abuse, had been corrected was to demonstrate that Mother had completed the sexual abuse awareness counseling required by the Court's order. As noted previously, Mother testified she did not complete this counseling.
¶ 10 Such evidence, combined with other evidence of Mother's lack of judgment supports the conclusion that Mother had not corrected her inability to perceive potential harm to her children from other individuals in her life and take steps to minimize the risk of that harm. The record contains competent evidence which reasonably tends to support the verdict of the jury. The trial court's order is affirmed.
AFFIRMED
HANSEN, P.J., and JONES, C.J., concur.
NOTES
[1] In the trial court, Mother raised some error in the language of the instructions which her counsel was concerned might suggest that the jury could consider the failure to correct other conditions affecting the children, but Mother raises no error in the instructions in this appeal. In any event, the trial court specifically instructed the jury that it was to consider whether a requirement of the service plan was "directly related to the conditions that led to the adjudication of the children as deprived." Mother did not request any specific instruction concerning what the conditions which led to the adjudication were in this case.