993 P.2d 137 (1999)
1999 OK CIV APP 128
In the Matter of M.C. and N.C., alleged deprived children under 18 years of age.
Michael C., Appellant,
v.
The State of Oklahoma, Appellee.
No. 92,855.
Court of Civil Appeals of Oklahoma, Division No. 2.
August 31, 1999.
Gerald J. Lovoi, Tulsa, Oklahoma, for appellant.
George P. Nelson, Tulsa County District Attorney, Tulsa, Oklahoma, for appellee.
Released for Publication by Order of the Court of Civil Appeals of Oklahoma, Division No. 2.
*138 REIF, J.
¶ 1 This appeal arises from proceedings prosecuted by the State to terminate the parental rights of the natural father of M.C. and N.C. On July 24, 1996, father stipulated to an adjudication that the children were deprived based on an allegation that he had failed to protect them from neglect by mother. On September 4, 1996, father was placed under standards to correct the conditions that led to the children being adjudicated deprived. After two review hearings in December 1996 and March 1997, the State filed a motion to terminate father's parental rights on April 24, 1997. The only ground for termination alleged by the State was that father failed to comply with the standards set by the court to correct the deprived conditions. A jury trial of this motion to terminate was held September 21 through 24, 1998, and ended in a mistrial "due to child[ren]'s atty. being sick." The issue of termination was again tried to a jury February 8 through 11, 1999. However, at this trial, the court instructed the jury that termination could be predicated on the length of time that the children had been in foster care in addition to father's failure to comply with the standards to correct the deprived conditions. The jury found in favor of father on the issue of complying with the standards, but recommended termination due to the length of time the children had been in foster care.
¶ 2 The record reflects that father objected to the jury being instructed that termination could be predicated on the length of time that the children had been in foster care. The record further reflects that the State added this ground for termination by an amended motion to terminate that was filed less than two weeks before the February 1999 jury trial was to begin. There is no dispute that the legislature had authorized the termination of parental rights based on the length of time the children had been in foster care by an amendment to § 7006-1.1 of Title 10 of the Oklahoma Statutes that became effective June 11, 1998.
¶ 3 The amendment was codified as 10 O.S.Supp.1998 § 7006-1.1(A)(15) and allows termination where "[a] child has been placed *139 in foster care by the Department of Human Services for fifteen (15) of the most recent twenty-two (22) months." The legislature also expressly provided for the retroactive application of this amendment to pending cases involving "adjudicated deprived children who have been in the Department's custody for fifteen (15) of the most recent twenty-two (22) months, and who were in out-of-home placement . . . as of November 17, 1997." 10 O.S.Supp.1998 § 7006-1.6(A). There is no dispute that the children herein met this criteria.
¶ 4 Here on appeal, father contends that the trial court erred in applying the 1998 amendment to termination proceedings that had been pending since April 24, 1997, and which had therefore been predicated solely on failure to comply with standards to correct deprived conditions. Father contends that the termination of his parental rights resulted from the unconstitutional ex post facto effect of the 1998 amendment. The State has responded that the ex post facto prohibitions in the United States Constitution apply only to criminal statutes. While we agree that the State has correctly stated the application of the federal constitutional protection from ex post facto laws, this court must also consider the constitutional protection from ex post facto laws provided by Article 2, Section 15 of the Oklahoma Constitution.
¶ 5 In construing this constitutional provision, the Supreme Court of Oklahoma has said that "[a] law is not ex post facto merely when it is criminal in character, but that doctrine extends to laws which are penal in any form, which provides the imposition of some punitive consequence for its violation." Anderson v. Ritterbusch, 22 Okla. 761, 98 P. 1002, 1013 (1908) (emphasis added). The Anderson case concerned statutes dealing with taxation. The supreme court has also applied the constitutional doctrine of ex post facto law to reject the retroactive application of a non-abatement statute for workers' compensation awards. Swatek Const. Co. v. Williams, 177 Okla. 305, 58 P.2d 585, 587 (1935). The court specifically noted that to retroactively apply the statute in question "would . . . change the obligation [of the party affected by the retroactive application] and impose . . . a liability which did not theretofore exist."
¶ 6 The plain purpose of the 1998 amendment is to protect children from extended foster care. We believe that the legislature's decision to authorize termination of parental rights in cases of children who have been in state-placed foster care for fifteen months of a pertinent twenty-two-month period is a reasonable means to provide such protection. However, a parent faced with such a consequence should have reasonable notice thereof and should not be penalized by the passage of time attendant to the exercise of a constitutional right such as the right to a jury trial.
¶ 7 Even if constructive notice of the 1998 amendment is imputed to father as of its effective date of June 11, 1998, he had no notice that the State would invoke this ground until two weeks before the February 1999 jury trial. Additionally, when father first asserted his right to a jury trial on May 21, 1997, according to Instruction No. 10, the children had been in state custody for approximately twelve months and in foster care for ten months of that time. It appears that the chief reason the children remained in foster care past fifteen months was the delay attendant to father's exercise of his constitutional right to a jury trial. Because the setting of this case for jury trial lay entirely within the power of the court, and father did nothing to impede the court in providing him a jury trial, it would be patently unfair to count any of the ensuing months of foster care toward the later-enacted fifteen-month termination period. Applying the 1998 amendment under such circumstances leaves father, or any other parent similarly situated, no fair opportunity to avoid the consequence of termination. The failure to afford an opportunity to avoid the punitive consequences of a retroactive statute is the chief evil that Oklahoma's ex post facto provision seeks to prohibit.
¶ 8 The 1998 amendment has a "punitive consequence" that did not exist either at the time the State initiated the deprived proceedings, or when it began its quest to terminate *140 father's parental rights. The 1998 amendment also "change[ed] the obligation [of father] and impose[ed] . . . a liability which did not theretofore exist." It clearly has the type of ex post facto effect forbidden by the Oklahoma Constitution as applied to this case and any other case of a parent faced with termination for failure to correct deprived conditions whose exercise of their right to trial causes foster care to extend for the period specified in 10 O.S.Supp.1998 § 7006-1.1(A)(15).
¶ 9 "It is fundamental in Oklahoma that `the right of a parent to the care, custody, companionship and management of his or her child is a fundamental right protected by the Federal and State Constitutions' . . . and before a parent may be deprived of that right he or she must be accorded the full panoply of procedural and substantive safeguards associated with constitutional protections of fundamental rights." Matter of Adoption of Blevins, 1984 OK CIV APP 41, ¶ 8, 695 P.2d 556, 559-60 (citations omitted). The court also observed that "[i]n pursuing a substantial or compelling state interest, it is fundamental that a state cannot choose a means to reach its goal which unnecessarily burdens or restricts a constitutionally protected activity." Id. at ¶ 9, 695 P.2d at 560 (citation omitted).
¶ 10 Because the termination of father's parental rights is constitutionally infirm by the ex post facto application of § 7006-1.1(A)(15), the judgment of termination must be reversed. This case is remanded to the trial court to consider whether judgment should be entered in accordance with the jury's verdict that father did not fail to comply with the standards to correct the deprived conditions.
¶ 11 REVERSED AND REMANDED.
BOUDREAU, V.C.J., and STUBBLEFIELD, P.J., concur.