OSCN Found Document:IN RE: AMENDMENTS TO THE OKLAHOMA UNIFORM JURY INSTRUCTIONS - JUVENILE

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 IN RE: AMENDMENTS TO THE OKLAHOMA UNIFORM JURY INSTRUCTIONS - JUVENILE
2015 OK 39
Decided: 06/08/2015
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2015 OK 39, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

 


 



IN RE: AMENDMENTS TO THE OKLAHOMA UNIFORM JURY INSTRUCTIONS - JUVENILE



ORDER ADOPTING NEW AND AMENDED 
OKLAHOMA UNIFORM JURY INSTRUCTIONS
AND VERDICT FORMS - JUVENILE 


¶1 The Court has reviewed the recommendations of the Oklahoma Supreme Court Committee for Uniform Jury Instructions for Juvenile Cases to adopt new jury instructions and amendments to existing jury instructions. The Court finds that the instructions should be adopted.

¶2 It is therefore ordered, adjudged and decreed that the Instructions shall be available for access via internet from the Court website at www.oscn.net and provided to West Publishing Company for publication. The Administrative Office of the Courts should notify the Judges of the District Courts of the State of Oklahoma regarding our adoption of the instructions set forth herein. Further, the District Courts of the State of Oklahoma are directed to implement these instructions effective thirty (30) days from the date of this Order.

¶3 It is therefore ordered, adjudged and decreed that the new and amended instructions, Nos. 1.0, 2.7, 2.7A, 3.7, 3.24, 3.25, 3.26, and new and amended verdict forms 2.8 and 2.8A, as set out and attached to this Order, are hereby adopted.

¶4 The Court also accepts and authorizes the updated Committee comments, to be published, together with the above-referenced instructions and verdict forms. Each of these instructions and verdict forms shall contain a notation at the bottom of the page as follows (2015 Supplement).

¶5 As it did so previously, the Court today declines to relinquish its constitutional or statutory authority to review the legal correctness of these authorized instructions or verdict forms when it is called upon to afford corrective relief in any adjudicative context.

¶6 These new and amended instructions and verdict forms shall be effective thirty (30) days from the date this Order is filed with the Clerk of this Court.

DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THE 8TH DAY OF JUNE, 2015.


/S/ACTING CHIEF JUSTICE



¶7 Reif, C.J., Kauger, Winchester, Edmondson, Colbert, Gurich, JJ., concur.



¶8 Combs, V.C.J., Taylor, J., concur in part and dissent in part.



¶9 Watt, J., not voting.



 


 

Juvenile Instruction No. 1.0

Use of Electronic Devices and Research Prohibited

At this time, turn off all cell phones and other electronic devices. Do not use any electronic devices while court is in session in this case.

Do not use any electronic device or media, such as the telephone, a cell or smart phone, camera, recording device, Blackberry, PDA, computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, YouTube, or Twitter, or any other way to find out any information about this case or the parties or attorneys.

It is very important that you abide by these instructions because it is essential that you keep your minds free and open at all times throughout this trial and that you not be influenced by anything except the evidence you hear and see in the courtroom. Failure to follow these instructions could result in the case having to be retried, and you will be in violation of your oath and the court's order, which may result in your being fined or put in jail.

Notes on Use

This Instruction should be given as soon as the case is called in the presence of the jury. The trial judge may also distribute hard copies of this Instruction to the jurors.

2015 SUPPLEMENT

 


 

Juvenile Instruction No. 2.7

Instructions For Verdict Forms

[Use for cases where only one ground for termination is alleged.] If you find that the State has proved by clear and convincing evidence that the parental rights of the parent, [NAME] to the child, [NAME], should be terminated on the statutory ground that [Set forth ground for termination - E.g., the rights of the parent to another child have been terminated, and the conditions that led to the prior termination of parental rights have not been corrected], you should sign and return the verdict form entitled Terminate Parental Rights for that parent and that child. Otherwise, you should sign and return the verdict form entitled Do Not Terminate Parental Rights for that parent and that child.

OR

[Use for cases where multiple grounds for termination are alleged.] If you find that the State has proved by clear and convincing evidence that the parental rights of the parent, [NAME] to the child, [NAME], should be terminated on one or more statutory grounds, you should sign and return the verdict form entitled Terminate Parental Rights for every such statutory ground for that parent and that child. It is not necessary that the same five people sign each verdict form. If you find that the State has not proved by clear and convincing evidence that the parental rights of the parent, [NAME] to the child, [NAME], should be terminated on any statutory ground, you should sign and return the verdict form entitled Do Not Terminate Parental Rights for that parent and that child.

Notify the Bailiff when you have arrived at a verdict so that you may return it in open court.

Notes on Use

If the petition or motion for termination of parental rights was filed by the child's attorney, rather than the district attorney, under 10A O.S. Supp. 2009 2014, § 1-4-901(A), this Instruction should be modified accordingly. If any of the alleged grounds for termination is the failure of the parent to correct a condition that led to the deprived adjudication of the child, Juvenile Instruction No. 2.7A should be used instead of or in addition to this Instruction, along with the verdict form in Juvenile Instruction No. 2.8A.

Committee Comments

Okla. Const. Art. 7, § 15 provides that "no law ... shall require the court to direct the jury to make findings of particular questions of fact." The Oklahoma Supreme Court addressed the application of Okla. Const. art, 7, § 15 to Oklahoma's comparative negligence statutes in Smith v. Gizzi, 1977 OK 91, 564 P.2d 1009. The Supreme Court held that the comparative negligence statutes did not violate art, VII, § 15, because they did not require a special verdict. The Supreme Court reasoned that under a general verdict, the jury must know the effect of its answers to special findings, and that if the jury did not know the effect of its answers, the verdict would be a special verdict that would violate Okla. Const. art, 7, § 15. 1977 OK 91, ¶¶ 11-12, 564 P.2d 1009, 1012-13. Under Smith v. Gizzi, a verdict that specified the grounds for termination of parental rights, as long as the jury knew the effect of its answers to special findings regarding the specific grounds for termination. A number of Oklahoma Court of Civil Appeals cases have decided that it is necessary for the trial judge to specify the grounds for termination of parental rights in the journal entry of judgment in order to facilitate appellate review. See In re C.T., 2003 OK CIV APP 107, ¶ 6, 82 P.3d 123, 125; Bales v. State ex rel Dep't of Human Services, 1999 OK CIV APP 96 , ¶ 8, 990 P.2d 309, 311. See also Matter of S.B.C., 2002 OK 83, ¶ 7, 64 P.3d 1080, 1083 (appellate court must find clear and convincing proof of grounds for termination of parental rights to affirm). Having the jury specify in its verdict the grounds it finds for termination of parental rights will facilitate the trial judge's preparation of the journal entry of judgment. 

There is also a line of Oklahoma Court of Civil Appeals cases that have decided that when termination is ordered under 10 O.S. Supp. 2014, § 1-4-904(B)(5) on the ground of failure to correct a condition that led to the deprived adjudication of the child the jury instruction and verdict forms must specify each condition that the parent failed to correct. See In re B.W., 2012 OK CIV APP 104, ¶ 37, 293 P.3d 986, 996; In re T.J., 2012 OK CIV APP 86, ¶ 48, 286 P.3d 659, 72; In re R.A., 2012 OK CIV APP 65, ¶ 17, 280 P.3d 366, 372. See also In re A.F.K., 2013 OK CIV APP 6, ¶ 7 & n.5, 317 P.3d 221, 225 (commending trial court for providing verdict forms that included lines for checkmarks for the jury to identify each condition that the parent failed to correct); In re J.K.T., 2013 OK CIV APP 70, ¶ 4 & n.3, 308 P.3d 183, 185 (affirming termination order where verdict form included lines for checkmarks that the jury used to identify each condition that the parent failed to correct). But see In re L.S., 2013 OK CIV APP 21, ¶ 10, 298 P.3d 544, 547 (affirming termination order neither the verdict nor order listed the conditions that the parent failed to correct but the jury instructions listed the conditions). The Committee recommends that in cases where termination is sought on the ground of failure of the parent to correct conditions, the trial court should provide verdict forms that include lines for checkmarks for the jury to use to identify each condition that the parent failed to correct.

2015 SUPPLEMENT

 


 

Juvenile Instruction No. 2.7A

Instructions For Verdict Forms for Failure to Correct Conditions

If you find that the State has proved by clear and convincing evidence that the parental rights of the parent to the child should be terminated on the statutory ground that the parent has failed to correct one or more conditions that led to the finding that the child was deprived after the parent had been given at least three (3) months to correct the conditions, you must indicate this finding by putting a check mark on the line next to each uncorrected condition on the verdict form entitled Terminate Parental Rights for that parent and that child given to you, and then sign and return the verdict form. Otherwise, you should sign and return the verdict form entitled Do Not Terminate Parental Rights for that parent and that child.

Notify the Bailiff when you have arrived at a verdict so that you may return it in open court.

Notes on Use

This Instruction should be used if any of the alleged grounds for termination is the failure of the parent to correct a condition that led to the deprived adjudication of the child. The trial judge should prepare a verdict form that identifies one or more conditions that the parent is alleged to have failed to correct and directs the jury to check the applicable condition or conditions that the parent failed to correct. An example of such a verdict form for failure to correct one or more conditions is found at Juvenile Instruction No. 2.8A, infra. 

Committee Comments

See Committee Comments to Juvenile Instruction No. 2.7, supra.

2015 SUPPLEMENT

 


 

Juvenile Instruction No. 2.8

Verdict Form -- Termination Of Parental Rights

IN THE DISTRICT COURT OF ________ COUNTY
STATE OF OKLAHOMA
[JUVENILE DIVISION]


 
 
 
 IN THE MATTER OF:
 
 )
  
 
 
  
 )
  
 
 
  
 )
 
 CASE NO. JD-
 
 
 
 
 A DEPRIVED CHILD
 
 )
  
 
 
  
 )
  
 
 


V E R D I C T
TERMINATE PARENTAL RIGHTS

We, the jury, empaneled and sworn in the above entitled cause, do upon our oaths, find that the parental rights of the parent, [NAME] to the child, [NAME], SHOULD BE TERMINATED on the statutory ground that [Set forth ground for termination - E.g., the rights of the parent to another child have been terminated, and the conditions that led to the prior termination of parental rights have not been corrected] and that termination of parental rights is in the best interests of the child.

_________________________________________
FOREPERSON

_________________________________________

_________________________________________

_________________________________________

_________________________________________

_________________________________________

Notes on Use

The trial judge should fill in the appropriate ground for termination of parental rights. The jury must be given both this Verdict Form and the Verdict Form in § 2.9, infra, and it must return one Verdict Form or the other. Separate verdict forms are required for each parent and each child. In re T.C., 2004 OK CIV APP 65, ¶ 10, 96 P.3d 811, 814. It is also recommended that separate verdict forms should be used for each alleged ground for termination. If one of the alleged grounds for termination is the failure of the parent to correct a condition that led to the deprived adjudication of the child, the verdict form in Juvenile Instruction No. 2.8A should be used.

Committee Comments

See Committee Comments to Juvenile Instruction No. 2.7, supra. The trial judge is not required to direct the jury to make specific findings on the grounds for termination of parental rights. Okla. Const. Art. 7, § 15 ("no law ... shall require the court to direct the jury to make findings of particular questions of fact"). Nevertheless, it will be necessary for the trial judge to specify the grounds for termination of parental rights in the journal entry of judgment in order to facilitate appellate review. See In re C.T., 2003 OK CIV APP 107, ¶ 6, 82 P.3d 123, 125; Bales v. State ex rel Dep't of Human Services, 1999 OK CIV APP 96 , ¶ 8, 990 P.2d 309, 311. See also Matter of S.B.C., 2002 OK 83, ¶ 7, 64 P.3d 1080, 1083 (appellate court must find clear and convincing proof of grounds for termination of parental rights to affirm). Having the jury specify in its verdict the grounds it finds for termination of parental rights will facilitate the trial judge's preparation of the journal entry of judgment.

2015 SUPPLEMENT

 


 

Juvenile Instruction No. 2.8A

Verdict Form -- Termination Of Parental Rights 
for Failure to Correct Conditions

IN THE DISTRICT COURT OF ________ COUNTY
STATE OF OKLAHOMA
[JUVENILE DIVISION ]


 
 
 
 IN THE MATTER OF:
 
 )
  
 
 
  
 )
  
 
 
  
 )
 
 CASE NO. JD-
 
 
 
 
 A DEPRIVED CHILD
 
 )
  
 
 
  
 )
  
 
 


 

V E R D I C T
TERMINATE PARENTAL RIGHTS

We, the jury, empaneled and sworn in the above entitled cause, do upon our oaths, find that the parental rights of the parent, [NAME] to the child, [NAME], SHOULD BE TERMINATED on the statutory ground that termination of parental rights is in the best interest of the child and [Parent] has failed to correct one or more conditions which led to the finding that the child is a deprived child after having been given at least three (3) months to correct the conditions. The conditions that have not been corrected are (check all applicable conditions):

______ [Specify first condition, e.g., exposure to domestic violence]

______ [Specify next condition, e.g., exposure to illegal substance use]

* * *

______ [Specify last condition, e.g., maintain a safe and stable home]

_________________________________________
FOREPERSON

_________________________________________

_________________________________________

_________________________________________

_________________________________________

_________________________________________

Notes on Use

This verdict form should be used if one of the alleged grounds for termination is the failure of the parent to correct a condition that led to the deprived adjudication of the child. The trial judge should prepare a verdict form that identifies one or more conditions that the parent is alleged to have failed to correct and directs the jury to check the applicable condition or conditions that the parent failed to correct.

Committee Comments

See Committee Comments to Juvenile Instruction No. 2.7, supra.

2015 SUPPLEMENT

 


 

Juvenile Instruction No. 3.7

Failure To Contribute To Support Of Child

The State seeks to terminate the parent's rights on the basis that the parent has willfully failed, refused or neglected to contribute to the support of a child. In order to terminate parental rights on the basis that the parent has willfully failed, refused or neglected to contribute to the support of a child, the State must prove by clear and convincing evidence each of the following elements:



1. The child has been adjudicated to be deprived;

2. The parent did not have custody of the child;



3. The parent has willfully failed, refused or neglected to contribute to the support of the child for six (6) consecutive months out of the last twelve (12) months immediately preceding the filing of a petition/motion for termination of parental rights in substantial compliance with a court order of support; or, if no provision for support is provided in an order, according to the parent's financial ability to contribute to the child's support; and,

4. Termination of parental rights is in the best interests of the child.

___________________________________

Statutory Authority: 10A O.S. Supp. 2010 2014, § 1-4-904(B)(7).

2015 SUPPLEMENT

 


 

Juvenile Instruction No. 3.24

Substantial Erosion of Parent-Child Relationship

The State seeks to terminate the parent's rights on the basis that there has been a substantial erosion of the relationship between the parent and the child. In order to terminate parental rights on the basis that there has been a substantial erosion of the relationship between the parent and the child, the State must prove by clear and convincing evidence each of the following elements:



1. The child has been adjudicated to be deprived; and

2. There has been a substantial erosion of the relationship between the parent and the child that was caused at least in part by:



A. The parent's serious or aggravated neglect of the child;





OR





B. The parent's (physical abuse)/(sexual abuse)/(exploitation) of the child;





OR





C. A prolonged and unreasonable absence of the parent from the child;





OR





D. The parent unreasonably failed to visit or communicate in a meaningful way with the child;





AND



3. Termination of parental rights is in the best interests of the child.



___________________________________

Statutory Authority: 10A O.S. Supp. 2014, § 1-4-904(B)(15).

Notes on Use

The trial court should select each alternative for the second element that is supported by the evidence. For definitions of neglect, abuse, and sexual exploitation, see Juvenile Instruction Nos. 3.10 and 3.13, supra.

2015 SUPPLEMENT

 


 

Juvenile Instruction No. 3.25

Child (4 Years or Older) in Foster Care for Fifteen Months

The State seeks to terminate the parent's rights on the basis that the child has been in foster care for 15 months. In order to terminate parental rights on the basis that the child has been in foster care for 15 months, the State must prove by clear and convincing evidence each of the following:



1. The child has been adjudicated to be deprived;

2. The child has been placed in foster care by the Department of Human Services for 15 months out of the most recent 22 months before the filing of the petition/motion. You are instructed that the child entered foster care on [Specify Date];

3. The parent was responsible for the child's being in foster care for 15 of the most recent 22 months;

4. The child could not, at the time of the filing of the petition/motion, be safely returned to the home of the parent; and,

5. Termination of parental rights is in the best interests of the child.



___________________________________

Statutory Authority: 10A O.S. Supp. 2014, §1-4-904(B)(16).

Notes on Use

This Instruction is to be used if the child was 4 years of age or older at the time the child was placed in foster care. Juvenile Instruction No. 3.26, infra, should be used if the child was less than 4 years of age at the time of the filing of the petition or motion for termination. The trial court should determine the date the child entered foster care for the second element above. A child is deemed to have entered foster care on the earlier of: the date of the adjudication that the child was deprived; or, sixty days after the date the child was removed from the home. 10A O.S. Supp. 2014, §1-4-904(B)(16).

Committee Comments

This instruction is based on 10A O.S. Supp. 2014, §1-4-904(B)(16), which provides for termination of parental rights of a child who is four years of age or older if "[the] child has been placed in foster care by the Department of Human Services for fifteen (15) of the most recent twenty-two (22) months preceding the filing of the petition." The Oklahoma Court of Civil Appeals stated in Matter of M.C., 1999 OK CIV APP 128, ¶ 6, 993 P.2d 137, 139, that "the plain purpose [of this provision] is to protect children from extended foster care."

The third element in the instruction is included because of the ruling by the Oklahoma Court of Civil Appeals in Matter of C.R.T., 2003 OK CIV APP 29, ¶ 33, 66 P.3d 1004, 1012, that:



In the context of extended foster care, the evidence must also show that the parent bears the culpable responsibility for the fact that the child has been in foster care for the requisite period and that the parent is not the subject of an uncorrected condition which is by its nature beyond the parent's power to correct.



2015 SUPPLEMENT

 


 

Juvenile Instruction No. 3.26

Child (Less Than 4 Years Old) in Foster Care for at Least Six Months

The State seeks to terminate the parent's rights on the basis that the child has been in foster care for at least 6 months. In order to terminate parental rights on the basis that the child has been in foster care for at least 6 months, the State must prove by clear and convincing evidence each of the following:



1. The child has been adjudicated to be deprived;

2. The child has been placed in foster care by the Department of Human Services for at least 6 months out of the most recent 12 months before the filing of the petition/motion. You are instructed that the child entered foster care on [Specify Date];

3. The parent was responsible for the child's being in foster care for at least 6 of the most recent 12 months;

4. The child could not, at the time of the filing of the petition/motion, be safely returned to the home of the parent; and,

5. Termination of parental rights is in the best interests of the child.



In deciding whether to terminate parental rights on the basis that the child has been in foster care for at least 6 months, you may consider:



1. The circumstances of the parent's failure to develop and maintain a parental bond with the child in a meaningful and supportive manner; and

2. Whether allowing the parent to have custody would likely cause the child actual serious psychological harm or harm in the near future as a result of the removal of the child from the substitute caregiver due to the existence of a strong, positive bond between the child and caregiver.



___________________________________

Statutory Authority: 10A O.S. Supp. 2014, §1-4-904(B)(17).

Notes on Use

This Instruction is to be used if the child was younger than 4 years of age at the time the filing of the petition or motion for termination. Juvenile Instruction No. 3.25, supra, should be used if the child was 4 years of age or older at the time the child was placed in foster care. The trial court should determine the date the child entered foster care for the second element above. A child is deemed to have entered foster care on the earlier of: the date of the adjudication that the child was deprived; or, sixty days after the date the child was removed from the home. 10A O.S. Supp. 2014, §1-4-904(B)(17).

Committee Comments

This instruction is based on 10A O.S. Supp. 2014, §1-4-904(B)(17), which provides for termination of parental rights for a child younger than four years of age if "[the] child has been placed in foster care by the Department of Human Services for at least six (6) of the most recent twelve (12) months preceding the filing of the petition." The Oklahoma Court of Civil Appeals stated in Matter of M.C., 1999 OK CIV APP 128, ¶ 6, 993 P.2d 137, 139, that "the plain purpose [of this provision] is to protect children from extended foster care."

The third element in the instruction is included because of the ruling by the Oklahoma Court of Civil Appeals in Matter of C.R.T., 2003 OK CIV APP 29, ¶ 33, 66 P.3d 1004, 1012, that:



In the context of extended foster care, the evidence must also show that the parent bears the culpable responsibility for the fact that the child has been in foster care for the requisite period and that the parent is not the subject of an uncorrected condition which is by its nature beyond the parent's power to correct.



2015 SUPPLEMENT





 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Jury Instructions- Juvenile
 Cite
Name
Level

 USE OF ELECTRONIC DEVICES AND RESEARCH PROHIBITED
Cited
 VERDICT FORM -- TERMINATION OF PARENTAL RIGHTS
Cited
 FAILURE TO CONTRIBUTE TO SUPPORT OF CHILD
Cited
 SUBSTANTIAL EROSION OF PARENT-CHILD RELATIONSHIP
Cited
 CHILD (4 YEARS OR OLDER) IN FOSTER CARE FOR FIFTEEN MONTHS
Cited
 CHILD (LESS THAN 4 YEARS OLD) IN FOSTER CARE FOR AT LEAST SIX MONTHS
Cited


 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 None Found.